PACIFIC INTERMOUNTAIN EXPRESS COMPANY, A NEVADA CORPORATION, APPELLANT AND CROSS–RESPONDENT, v. LEONARD E. CONRAD, INC., A NEVADA CORPORATION, D.B.A. OLE'S PLUMBING & HEATING COMPANY, RESPONDENT AND CROSS–APPELLANT.

No. 6839

October 30, 1972                    502 P.2d 106

*Woodburn, Forman, Wedge, Blakey, Folsom and Hug,* of Reno, for Appellant and Cross-Respondent.

*Gray and Brooke,* of Reno, for Respondent and Cross-Appellant.

**OPINION**

By the Court, THOMPSON, J.:

This appeal challenges only the sufficiency of the evidence to show that a piece of equipment was delivered to the carrier in good condition for shipment.

Leonard E. Conrad, Inc., a plumbing and heating contractor, commenced this action against Pacific Intermountain Express Company to recover $6,536.72 for damage to a demineralizer which is used to make high purity water. Conrad alleged that the damage occurred while the unit was transported in interstate commerce by P.I.E. The district court awarded Conrad, Inc., the full amount of its claim plus interest and costs. Attorney's fees were denied.

The demineralizer was manufactured by Hytek International Corporation of Cleveland, Ohio, and was delivered by that

company to P.I.E. for shipment to Conrad at Sparks, Nevada. The unit was in a damaged condition upon arrival at Sparks. No witness was able to testify how or when the damage occurred. Circumstantial evidence was presented. When the unit was delivered to the jobsite there was an "L" shape cut along one side of the cardboard exterior which one witness surmised had been intentionally made to allow for an inspection. By lifting the flap created by the cut one could see damage to the unit inside the crate. The supervisor in charge of production for Hytek described the manner in which demineralizers were crated for shipment[1] and stated that if the particular unit had been dropped in the plant after crating it would have been opened and inspected thoroughly. The bill of lading for the unit did not have a notation of damage.

1. Federal law controls liability for interstate shipments. The Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 20(11), makes the carrier liable for the full actual loss, damage, or injury it causes to the property. A prima facie case is established by showing delivery of the shipment to the carrier in good condition, its arrival in a damaged condition, and the amount of damages. The Missouri P. R. Co. v. Elmore & Stahl, 377 U.S. 134 (1964); Schnell v. The Vallescura, 293 U.S. 296, 305 (1934); C. & O. Ry. Co. v. Thompson Mfg. Co., 270 U.S. 416 (1926). When these elements are shown, the burden shifts to the carrier to show freedom from negligence and that the damage was due to one of the excepted causes relieving the carrier from liability. Missouri P. R. Co. v. Elmore & Stahl, supra. If a prima facie case is not shown, the carrier's burden never arises and it need not come forward with evidence. Glasstite Industries v. Spector Freight Systems, 230 A.2d 254, 258, 259 (R.I. 1967).

It was permissible for the trial court to find that the consignee-plaintiff had established a prima facie case. The

---

[1]"This unit stands on a metal skid, and a wooden framework is built to fit to the metal skid and to the back of the plastic column. This framework is attached to the columns by way of metal banding, and bolts through the metal skid. After the skid is affixed, after the framework is affixed to the unit, the unit is then laid back onto this framework. This framework is made, by the way, out of two by fours. Then an additional slat-type crate frame is made around the unit, out of two by fours, and one by sixes. Then affixed to this framework is heavy corrugated cardboard, and we attach this cardboard with small nails into the wooden framework."

supervisor's testimony about the normal crating process together with the "clean" bill of lading would allow the reasonable inference that the unit was delivered to the carrier in good condition. A "clean" bill of lading, of course, does not prove the good condition of the contents of a sealed carton. Hoover Motor Express Company v. United States, 262 F.2d 832 (6th Cir. 1959). In this instance, however, we think that it was prima facie evidence that the carton itself was in good condition upon delivery to the carrier and that the "L" shape cut into the carton and damage to the contents thereof occurred at some later time.

The appellant relies heavily upon Hoover, supra. Although it is true that the evidence offered by the plaintiff in *Hoover* is similar in character to that offered by the consignee in this case, there is one major difference to set the two cases apart. In Hoover, there was strong evidence offered by the defendant to show that the goods were not properly packaged for shipment. Such rebuttal evidence is entirely absent in the case at hand. Because of this distinction, we do not find Hoover persuasive authority for reversal.

2. Although the Carmack Amendment controls the carrier's liability, state law remains operative with respect to an award of attorney's fees. Missouri, Kansas, & Texas Ry. Co. v. Harris, 234 U.S. 412 (1914). In this state the trial court has discretion to allow such fees to the prevailing plaintiff when the recovery is not more than $10,000. NRS 18.010(3). The record shows that the trial judge did not believe that he enjoyed such discretion in this type of a case. He should be permitted the opportunity to exercise that discretion.

The appeal is affirmed. The cross-appeal is reversed and the case is remanded to allow the district court to exercise its discretion on plaintiff's application for attorney's fees.

ZENOFF, C. J., and BATJER, MOWBRAY, and GUNDERSON, JJ., concur.