**YELLOW FREIGHT SYSTEM, INC., Appellant,**

v.

**NORTH AMERICAN CABINET CORP., Appellee.**

No. 9242.

Court of Appeals of Texas, Texarkana.

April 17, 1984.

Earl Sharp, John Sharp, Sharp, Ward, Price & Hightower, Longview, for appellant.

Don Stokes, Stokes & Stokes, Marshall, for appellee.

CORNELIUS, Chief Justice.

Yellow Freight System, Inc. appeals from a judgment awarding North American Cabinet Corporation $2,800.00 damages and $750.00 attorney's fees because of damage to a saw being transported in interstate commerce by Yellow Freight.

North American contracted to sell two used table panel saws to North Creek Woodworks in Rochester, New York for $6,100.00. North Creek was to select and pay for the shipping by a common carrier. As directed by North Creek, North American crated the saws and Yellow Freight transported them from Texas to New York. The F.O.B. shipment was on North American's bill of lading signed only by Yellow Freight. During the shipment the saws were damaged, one slightly and the other extensively. North Creek refused to accept the shipment. Representatives of North American and the New York office of Yellow Freight discussed the situation and orally agreed that North American would allow the shipment to be split so that North Creek could purchase only the one good saw and pay the freight on it. In return Yellow Freight agreed to pay for the other saw or repair it. North American complied with its part of the agreement but Yellow Freight refused to repair or pay for the damaged saw, claiming that their recorded tariffs and the bill of lading limited their liability to $.10 per pound of total weight, amounting to $235.00. The trial court, sitting without a jury, found for North American and entered judgment accordingly.

When proper tariffs are filed with the Interstate Commerce Commission, an interstate carrier may limit its liability for freight damage if the value of the property shipped is declared in writing by the shipper, or the carrier and shipper otherwise agree in writing on a released value of the property. 49 U.S.C.A. § 20(11) (1951); 11 Tex.Jur.3d *Carriers* § 373 (1981). North American's bill of lading here contained a collection figure of $5,450.00, but no declared or released value was listed. Yellow Freight's tariff provides that if no value is declared or agreed upon, a used property value of $.10 per pound of total weight of the items shipped will control.

Under 49 U.S.C.A. § 20(11), a prerequisite to a valid limitation of liability is that the shipper be given a fair opportunity to choose between higher or lower liability by paying a correspondingly greater or lesser freight charge. *Trans-American Van Serv., Inc. v. Shirzad,* 596 S.W.2d 587 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); *Nationwide Horse Carriers, Inc. v. Johnston,* 519 S.W.2d 163 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). There must be an absolute, deliberate, and well-informed choice by the shipper, *Anton v. Greyhound Van Lines, Inc.,* 591 F.2d 103 (1st Cir.1978), and reasonable notice is necessary to provide the shipper with a genuine opportunity to choose between higher and lower rates based upon valuation. *Chandler v. Aero Mayflower,* 374 F.2d 129, 135 (4th Cir.1967). In this case, North American did not sign the bill of lading, and there is no evidence that it had reasonable notice or opportunity to agree to a limitation of the carrier's liability. Consequently, the oral agreement found by the trial court controls the carrier's liability rather than the tariffs and bill of lading.

Yellow Freight argues there was no valid oral agreement because the parties

failed to agree upon a value, and the testimony of North American's official about the agreement was hearsay. Evidence of the oral agreement was not hearsay. The offer and acceptance forming a contract are operative facts, admitted into evidence not to prove their truth but to prove their utterance. 1A R. Ray, Texas Law of Evidence Civil and Criminal § 795 (Texas Practice 3d ed. 1980). Even if admitted for the truth, Tex.R.Evid. 801(e)(2)(D) would permit the introduction of such a statement as an admission by a party's agent or representative. The fact that North American's witness could not remember the name of the representative in the New York area Yellow Freight office affected only the weight and credibility of the testimony and not its admissibility. As to price, the rule is that when the parties have done everything else necessary to make a binding agreement, their failure to specify a price will not defeat the contract. The law will presume that a reasonable price was intended. *Bendalin v. Delgado*, 406 S.W.2d 897 (Tex.1966); *Estate of Griffin v. Sumner*, 604 S.W.2d 221 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.); 14 Tex. Jur.3d *Contracts* § 220 (1981). Since there was evidence of an oral agreement, and since a reasonable price could be presumed, the trial court's findings of a contract and the reasonable value of the saw were proper and are supported by the evidence.

██ Yellow Freight contends that the Interstate Commerce Act, particularly 49 U.S.C.A. § 20(11), controls a disputed freight damage claim and therefore attorney's fees should not have been allowed. When the cause of action is for damages for injury to freight in interstate commerce, or involves facts that are intimately connected with interstate commerce, 49 U.S.C.A. § 20(11) bars recovery of attorney's fees. The Texas attorney's fees statute, Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp.1984), does not overcome the federal preemption. *Southwestern Motor Transp. Co. v. Valley Weathermakers*, 427 S.W.2d 597 (Tex.1968); *T.I.M.E.–D.C., Inc. v. S.W. Hist. Wax Museum*, 528 S.W.2d 901 (Tex.Civ.App.—Waco 1975, no writ).

The oral agreement forming the basis of the judgment here was in the nature of a settlement of a federally imposed liability, and comes within the rule applied in *Southwestern Motor Transp. Co. v. Valley Weathermakers, Inc.*, supra. Attorney's fees were not properly allowable.

The judgment is reformed to delete the recovery of attorney's fees; as reformed, it is affirmed.