Argued and submitted June 28, 1985, affirmed April 16, 1986

TROUTE,
*Respondent,*

*v.*

AERO MAYFLOWER TRANSIT COMPANY, INC.,
*Appellant.*

(84-90098; CA A34614)

718 P2d 745

Bruce C. Moore, P.C., Eugene, argued the cause and filed the brief for appellant.

Dan E. Neal, Eugene, argued the cause for respondent. On the brief was Fern Eng, Eugene.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

This is an action by a shipper against a carrier to recover $2,359.95 damages for goods lost in transit between Seattle and Oakridge. The complaint included a claim for attorney fees under ORS 20.080, which, at the time when this an action was brought, provided for reasonable attorney fees in action for damages for "injury or wrong to the person or property, or both, of another where the amount pleaded is $3,000 or less * * *."[1] The jury found plaintiff to have suffered damages of $1,800. The court awarded attorney fees of $1,750. Defendant appeals only the attorney fees award contending that liability for lost goods is governed by the Interstate Commerce Act, which preempts state statutes and under which attorney fees are not recoverable.

The Supreme Court considered a similar issue in *Richardson v. Railway Exp. Agency,* 258 Or 170, 482 P2d 176 (1971), but found it unnecessary to the disposition of that case to determine whether the liability of an interstate carrier for damage to an interstate shipment is prescribed by federal law and cannot be extended by a state statute to include attorney fees. 258 Or at 183. We have that question squarely before us and hold that the Interstate Commerce Act does not prohibit the recovery of attorney fees under ORS 20.080.

No citation is necessary for the proposition that the federal government has extensive authority over interstate commerce. However, it is also true that state and federal laws coexist in this area. The general rule is:

"Congress, in enacting legislation within its constitutional authority over interstate commerce, will not be deemed to have intended to strike down a state statute designed to protect the health and safety of the public unless its purpose to do so is clearly manifested, or unless the state law, in terms or in its practical administration, conflicts with the Act of Congress, or plainly and palpably infringes its policy." *Southern Pacific Co. v. Arizona,* 325 US 761, 766, 65 S Ct 1515, 89 L Ed 1915 (1944). (Citations omitted.)

The Carmack Amendment to the Interstate Commerce Act, enacted in 1906, governs the liability of a common carrier for

---

[1] The parties make no issue of whether ORS 20.080 applies. Accordingly, we assume, for the purpose of this case, that it does.

property damage or loss but does not provide for costs or attorney fees. Pub. L. 59-337, 34 Stat 585, 593; 49 USC § 20(11).[2] ORS 20.080 allows a reasonable attorney fee in an action for damages in state court, when the plaintiff prevails and the amount pleaded is $3,000 or less. The state law is within the state's inherent powers and does not conflict with the Interstate Commerce Act or infringe its policy. In addition, there is no clear evidence of a congressional intent to preempt state law.

The statute is similar to the one considered in *Missouri, Kansas & Texas Ry v. Harris*, 234 US 412, 34 S Ct 790, 58 L Ed 1377 (1914), in which the Supreme Court upheld an award of attorney fees under a state statute. There, the state statute allowed a reasonable attorney fee of up to $20 in cases where the amount pleaded did not exceed $200. The plaintiff recovered a judgment of $3.50 and $10 in attorney fees. Defendant argues that this case is distinguishable, because ORS 20.080 does not articulate a maximum fee allowable. We reject that distinction. The Court's reasoning in *Harris* did not rely on the fact that the statute provided for a maximum fee.[3]

The *Harris* Court found significant the state statute's broad sweep, which only incidentally included claims arising out of interstate commerce. The Court held that the statute did not enlarge or limit the responsibility of the carrier for losses and only incidentally affected the remedy for enforcing that responsibility. 234 US at 417. The same is true of ORS

---

[2] The parties refer only to 49 USC § 20(11). We note that this state was repealed in 1978 and recodified at 49 USC § 11707. There is no substantive difference between the statutes on the issues before us in this case.

[3] Defendant voiced concern in oral argument that, because there is no maximum attorney fee, a claimant could be awarded a fee far in excess of the judgment. In response, we note that in allowing a $10 fee for a $3.50 judgment, the Supreme Court in *Harris* approved an award almost three times the judgment. The statute in *Harris* also apparently required that the plaintiff recover the full amount claimed in order to be eligible for a fee. We decline to distinguish *Harris* on this point. That requirement apparently is a safeguard against a plaintiff, in the hope of recovering attorney fees, requesting an unfounded amount of damages, in order to force the other party to trial. ORS 20.080 has a similar safeguard in that no attorney fees may be awarded if, before commencement of the action, the defendant tenders an amount equal to or greater than the damages awarded.

In any event, the point defendant made at oral argument seems to pertain to whether the hypothetical state provisions would be an unconstitutional burden on interstate commerce. We do not understand defendant to have raised a burden on commerce constitutional issue otherwise, as distinct from its preemption argument.

20.080. It is a general statute, which applies to many claims under $3,000; interstate commerce is affected only incidentally. The statute does not affect the responsibility of the carrier for the loss but merely provides for an element of costs. It is not a statute specifically regulating interstate carriers; if it were, it would be more susceptible to a preemption attack. *See, e.g., Charleston & Car. R.R. v. Varnville Co.,* 237 US 597, 35 S Ct 715, 59 L Ed 1137 (1914).

The purpose of the Oregon statute is

"to coerce tortfeasors and their insurance companies into settling small, legitimate claims where it is impracticable for the offended party to employ an attorney to prosecute his claim. We believe it was the legislature's intention, whenever a defendant has notice that a claim will be $1,000 or less, to require him to evaluate the case and to make an offer at the risk of having to pay attorney fees if the offer is inadequate." *Landers v. E. Texas Motor Frt. Lines,* 266 Or 473, 476, 513 P2d 1151 (1973). (Citations omitted.)[4]

The statute furthers the goal enunciated in *Harris,* the prompt settlement of small but well-founded claims, and similarly "is not inconsistent with the provisions of the Commerce Act and its amendments." *Missouri, Kansas & Texas Ry. v. Harris, supra,* 234 US at 421.

Petitioners argue that the 1916 Cummins Amendment to the Interstate Commerce Act, which further clarified the proper measure of carrier liability, filled the gap in the statute present at the time of the *Harris* decision, so that state attorney fees provisions are now preempted. We disagree. The *Harris* Court referred to the attorney fees statute as "a question of costs, respecting which Congress has not spoken." 234 US at 422. That situation is unchanged. The Cummins Amendment does not mention costs or attorney fees; it imposes liability for the actual loss or injury to the property caused by the carrier. Pub. L. 64-183, 39 Stat 441, 442 (1916); 49 USC § 20(11), recodified at 49 USC § 11707(a)(1). Congress has not spoken on the issue of costs; *Harris* is still the law.

Other states have grappled with this issue but have

---

[4] The maximum claim was later raised to $3,000.

not all come to the same conclusion. Texas[5] and Nebraska[6] have refused to apply state attorney fees statutes to interstate carriers on preemption grounds. Idaho,[7] Nevada[8] and Florida[9] have relied on *Harris* to uphold awards of attorney fees. On the basis of our study of the analyses of the various courts and for the reasons stated above, we align ourselves with the courts upholding the award.

However, one additional argument propounded by defendant and relied upon, generally, by preemption advocates merits discussion. Citing *Chicago & c. Ry. Co. v. McCaull-Dinsmore Co.,* 253 US 97, 40 S Ct 504, 64 L Ed 801 (1920), they assert that the common law provides the proper measure of recovery under the Carmack and Cummins amendments and that, because attorney fees are not awarded under the common law, they are not allowable. The analysis is flawed. That case only applied the common law to determine what "actual loss" under the statute should mean. *Chicago & c. Ry. Co. v. McCaull-Dinsomore, Co., supra,* 253 US at 100. It contains no blanket statement that the common law is the determining consideration in other aspects of recovery and costs.

Affirmed.

---

[5] *Thompson v. H. Rouw Co.,* 237 SW2d 662 (Tex Civ App 1951).

[6] *Humphrey Feed & Grain, Inc. v. Union P. R.R. Co.,* 199 Neb 189, 257 NW2d 391 (1977).

[7] *Rungee v. Allied Van Lines, Inc.,* 92 Idaho 718, 449 P2d 378 (1968).

[8] *Pacific Intermountain v. Leonard E. Conrad,* 88 Nev 569, 502 P2d 106 (1972).

[9] *Allied Van Lines Inc. v. Brewer,* 258 So 2d 496 (Fla Dist Ct App 1972). Defendant, along with several courts and at least one commentator, misreads *Allied Van Lines,* asserting that it supports the preemption view. It does not. *See U.S. Steel Supply v. Bill Rivers Corp.,* 381 So 2d 268 (Fla Dist Ct App 1980).