AME, INCORPORATED, Appellee,

v.

CONSOLIDATED FREIGHTWAYS, Appellant.

No. 70923.

Court of Appeals of Oklahoma, Division No. 4.

Sept. 5, 1989.
Rehearing Denied Oct. 23, 1989.

Jeffrey A. Fleischhauer, Ross & Associates, Broken Arrow, for appellee.

Martin E. Wyatt, Tulsa, for appellant.

REIF, Judge.

■ Interstate carrier, Consolidated Freightways, appeals the award of attorney fees to the shipper, AME, Incorporated, following a non-jury trial and judgment in favor of AME. Carrier points out that this action was pursuant to 49 U.S.C. § 11707 (1982), governing a carrier's liability for goods damaged during an interstate shipment, and stresses that this federal statute is silent concerning recovery of attorney fees. Carrier contends that section 11707 preempts state law on *all* issues of a carrier's liability and argues the trial court erred in applying 12 O.S.1981 § 940, authorizing reasonable attorney fees in "any civil action to recover damages for negligent or willful injury to property."

The trial court followed the majority rule set forth in *Troute v. Aero Mayflower Transit Co.*, 78 Or.App. 564, 718 P.2d 745 (1986), that section 11707 does not preempt or preclude an award of attorney fees under appropriate state statutes. We agree that *Troute* correctly analyzes and resolves this issue and hold that attorney fees are properly awarded pursuant to 12 O.S.1981 § 940, in suits under 49 U.S.C. § 11707 (1982), for goods damaged in the course of an interstate shipment.

■ Given the stipulation that the services and charges of AME's counsel were "reasonable," we also find no error in the amount of the award, $6,881.25, simply because it exceeds the amount of the judgment, $5,123.02.

AFFIRMED.

BRIGHTMIRE, V.C.J., and STUBBLEFIELD, J., concur.