A.T. CLAYTON & CO., INC.,
Plaintiff–Appellee,

v.

MISSOURI–KANSAS–TEXAS
RAILROAD COMPANY,
Defendant–Appellant.

No. 88–2962.

United States Court of Appeals,
Tenth Circuit.

April 10, 1990.

Timothy T. Trump and Frances J. Stanton of Comfort, Lipe & Green, P.C., Tulsa, Okl., on the brief, for plaintiff-appellee.

James L. Kincaid, M.E. McCollam, and Mary Kay Morrissey of Conner & Winters, Tulsa, Okl., on the briefs, for defendant-appellant.

Before SEYMOUR, MOORE and BRORBY, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

Defendant-appellant, Missouri–Kansas–Texas Railroad Company, appeals an order of the district court awarding attorney fees to plaintiff-appellee, A.T. Clayton & Co., Inc., in this action brought under the Carmack Amendment to the Interstate Commerce Act. Because we conclude that under *Missouri, Kansas & Texas Ry. v. Harris*, 234 U.S. 412, 34 S.Ct. 790, 58 L.Ed. 1377 (1914), the Oklahoma attorney fee provision is not preempted by the Carmack Amendment and was properly applied by the district court, we affirm.

I.

■ A.T. Clayton & Co., Inc., (Clayton) brought this suit against Missouri–Kansas–Texas Railroad Company (MKT) seeking recovery of $41,191.20, which constituted the alleged fair market value of a shipment of paper damaged while in MKT's custody. Clayton claimed MKT was liable under the Carmack Amendment, 49 U.S.C. § 11707 (1982), which codifies carrier liability for goods lost or damaged in shipment. Clayton alleged that in early settlement negotiations, MKT refused to turn over the sal-

vage proceeds for the damaged paper unless Clayton provided MKT with a full release. Clayton moved for a partial summary judgment of $7,600.00 which represented salvage proceeds, and, three days later, MKT provided Clayton with a check for that amount. The court also awarded Clayton attorney fees of $7,160.50 and costs of $341.00 in connection with the recovery of the salvage proceeds.

The case went to trial on the Carmack claim, and the jury returned a verdict in Clayton's favor in the amount of $34,-341.20. The district court vacated its earlier award of attorney fees and instructed Clayton to include that amount in a new application for attorney fees. Following a hearing, the district court determined Clayton was entitled to its attorney fees as the prevailing party under Okla. Stat. tit. 12, § 940 A, and awarded Clayton $16,581.03. MKT appeals this award.

## II.

The Carmack Amendment codifies an initial carrier's liability for goods lost or damaged in shipment. With the enactment of Carmack in 1906 as an amendment to the Interstate Commerce Act of 1887, and as part of the Hepburn Act, ch. 3591, 34 Stat. 584 (1906), and as codified at 49 U.S.C. 20(11), "Congress superseded diverse state laws with a nationally uniform policy governing interstate carriers' liability for property loss." *New York, New Haven & Hartford R.R. Co. v. Nothnagle,* 346 U.S. 128, 131, 73 S.Ct. 986, 988, 97 L.Ed. 1500 (1953).

In *Underwriters at Lloyds of London v. North American Van Lines,* 890 F.2d 1112 (10th Cir.1989), we observed, "the Supreme Court and other authorities have described the Carmack Amendment in broad, preemptive terms, and have relegated the proviso relating to other remedies to a category of almost total insignificance." *Id.* at 1116. Therefore, we held that "the Carmack Amendment preempts state common law remedies against common carriers for negligent loss or damage to goods shipped under a lawful bill of lading." *Id.* at 1121. The issue in this appeal is whether the Carmack Amendment similarly preempts the application of an Oklahoma statute providing attorney fees for negligent or willful damage to property.

At the hearing on attorney fees, MKT claimed the Carmack Amendment preempted state law on attorney fees. The district court ruled that while the amendment preempted Oklahoma law on the issue of liability, its silence on attorney fees did not prevent the application of a relevant Oklahoma attorney fee statute. Relying on the Supreme Court's decision in *Missouri, Kansas & Texas Ry. v. Harris,* 234 U.S. 412, 34 S.Ct. 790, 58 L.Ed. 1377 (1914), the district court concluded that Oklahoma may enforce its statute on costs and attorney fees even though the liability of a carrier is governed by the Carmack Amendment.

The trial court's holding on the preemption issue is a legal conclusion subject to *de novo* review. *Supre v. Ricketts,* 792 F.2d 958, 961 (10th Cir.1986). We agree that *Harris* controls in this case.

In *Harris,* the Court upheld a Texas attorney fee statute which was challenged as preempted by the Carmack Amendment. First, the Court recognized the established rule that a state law enacted under any of the reserved powers, especially the police power, is not to be set aside as inconsistent with an act of Congress, unless there is an actual conflict or unless Congress manifested a purpose to exercise its paramount authority over the subject. *Harris,* 234 U.S. at 419, 34 S.Ct. at 793. The Court determined the statute neither enlarged nor limited the responsibility of a carrier for the loss of property entrusted to it, but rather only incidentally affected the remedy for enforcing that responsibility. *Id.* at 420, 34 S.Ct. at 793. The Court noted that the Texas statute "imposes not a penalty, but a compensatory allowance for the expense of employing an attorney, applicable in cases where the carrier unreasonably delays payment of a just demand and thereby renders a suit necessary." *Id.* Further, the Court concluded that whatever burden was thereby placed upon commerce was overbalanced by the importance

of the statute to the state's policy of offering an incentive to the prompt settlement of small but well-founded claims and as a deterrent of groundless defenses. *Id.* at 421, 34 S.Ct. 794.

In this case, the award of reasonable attorney fees under the Oklahoma statute does not substantively enlarge the responsibility of the carrier. Unlike the common law negligence claims which we held were preempted in *Lloyds,* the Oklahoma statute does not provide an alternative avenue of recovery. The Oklahoma statute simply provides an incidental compensatory allowance for the expense of employing an attorney. Its purpose is not to provide an additional remedy, but rather to encourage small claims and promote settlement. *See Clark v. Miller,* 631 P.2d 1343, 1345 (Okla. Ct.App.1981).[1]

We reject MKT's contention that the district court misconstrued *Harris* by failing to limit its application to small claims. Citing language in *Harris* referring to size and restrictions on the fee amount, MKT maintains only specific state statutes which are restricted to small claims enable carriers to assess their risks and predict their potential liability for damaged goods, as intended by the Carmack Amendment. *See Hughes v. United Van Lines, Inc.,* 829 F.2d 1407, 1415 (7th Cir.1987), *cert. denied,* 485 U.S. 913, 108 S.Ct. 1068, 99 L.Ed.2d 248 (1988). However, the existence of a statutory limit on the amount of the fee is not determinative of preemption. Instead, the focus is on whether the state statute substantively enlarges the carrier's responsibility for the loss. In this case, the Oklahoma attorney fees law is incidental to and consistent with the overall purpose of the Carmack Amendment since it promotes settlement, encourages small well-founded claims, and discourages unnecessary litigation.

### III.

The district court awarded attorney fees under Okla. Stat. tit. 12, § 940 A, which provides:

In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action.

The court concluded the statute applied because this case is a "civil action to recover damages for the negligent ... injury to property" within the scope of § 940 A. Further, the court held the state statute was applicable because MKT unreasonably delayed payment of Clayton's claim, thus rendering a suit necessary.

Section 940 A provides attorney fees in actions to recover damages for negligent injury to property. *See Busby v. Canon Well Servs., Inc.,* 771 P.2d 1016, 1017 (Okla.Ct.App.1989). In *AME, Inc. v. Consolidated Freightways,* 783 P.2d 499 (Okla. Ct.App.1989), the Oklahoma Court of Appeals specifically held that "attorney fees are properly awarded pursuant to 12 O.S. 1981 § 940, in suits under 49 U.S.C. § 11707 (1982), for goods damaged in an interstate shipment." 783 P.2d at 500.

We reject MKT's characterization of Carmack cases as breach of contract actions to which § 940 is not applicable. In *Lloyds v. North American,* we observed the Carmack Amendment was a codification of the common law rule of liability for negligent

---

1. In *AME, Inc. v. Consolidated Freightways,* 783 P.2d 499 (Okla.Ct.App.1989), the Oklahoma Court of Appeals held that the Carmack Amendment did not preempt or preclude the awarding of attorney fees pursuant to Okla. Stat. tit. 12 § 940 (1981). Other state courts are split on whether the Carmack Amendment preempts their state attorney fees provisions. Oregon, Nevada, Florida, and Idaho have ruled that state attorney fees statutes are not preempted by Carmack. *See Troute v. Aero Mayflower Transit Co.,* 78 Or.App. 564, 718 P.2d 745 (1986); *Pacific* *Intermountain Express, Co. v. Conrad, Inc.,* 88 Nev. 569, 502 P.2d 106 (1972); *Allied Van Lines, Inc. v. Brewer,* 258 So.2d 496 (Fla.Dist.Ct.App. 1972); and *Rungee v. Allied Van Lines, Inc.,* 92 Idaho 718, 449 P.2d 378 (1968). However, Nebraska and Texas have refused to apply their state statutes to interstate carriers on preemption grounds. *See Humphrey Feed & Grain v. United Pac. R.R. Co.,* 199 Neb. 189, 257 N.W.2d 391 (1977), and *Thompson v. H. Rouw Co.,* 237 S.W.2d 662 (Tex.Civ.App.1951).

damage to goods, and we held that state common law negligence remedies do not continue to exist apart from the federal statute. 890 F.2d at 1117. Therefore, we now hold the district court correctly reasoned that this case was a negligence action for which § 940 was appropriate.

AFFIRMED.