**EARL'S OFFSET SALES & SERVICE CO., INC., Plaintiff,**

v.

**BEKINS/EDC, INC. and Bekins Van Lines Company, Defendants.**

**Civ. A. No. H–95–1510.**

United States District Court,
S.D. Texas,
Houston Division.

Oct. 5, 1995.

Mark Siurek, Warren & Siurek, Houston, TX, for plaintiff.

Steven C. Malin and Jerry R. Selinger, Vinson & Elkins, Dallas, TX, for defendants.

## MEMORANDUM AND ORDER

HARMON, District Judge.

Pending before the Court are Defendant Bekins Van Lines Company's ("Bekins") Motion to Dismiss Plaintiff's State Law Claims (Instrument # 4) and Second Motion to Dismiss for Failure to State a Cause of Action (Instrument # 10), and Plaintiff Earl's Offset Sales & Service Company's ("Plaintiff") Motion for Leave to Amend Original Complaint (Instrument # 6). Bekins first moves the Court to dismiss Plaintiff's state law claims because 49 U.S.C. § 11707 (the "Carmack Amendment") provides the exclusive remedy for a shipper claiming damages incurred during interstate shipment of goods (Instrument # 4). In its Second Motion to Dismiss, Bekins moves the Court to dismiss Plaintiff's claim for attorney's fees, asserting that there is no applicable federal right to attorney's fees in an action under the Carmack Amendment (Instrument # 10). Plaintiff moves the Court to grant leave to amend Plaintiff's Original Complaint to omit Plaintiff's state law claims and revise the pleadings to conform to the liability imposed by the Carmack Amendment (Instrument # 6). Upon reviewing the record and considering the applicable law, it is the opinion of the Court that Plaintiff's Motion for Leave to Amend Original Complaint should be **GRANTED**, Defendant Bekins Van Lines Co.'s first Motion to Dismiss Plaintiff's State Law Claims should be **DENIED** as moot, and Defendant's Second Motion to Dismiss for Failure to State a Cause of Action should be **GRANTED**.

## I. FACTUAL BACKGROUND

Plaintiff's claims against Defendant Bekins/EDC, Inc. ("EDC") and Bekins arise out of damage to a printing press incurred during shipment. *See* Plaintiff's Original Petition at 3. Plaintiff originally filed suit against EDC and Bekins in the 152nd Judicial District Court of Harris County, Texas alleging several state law causes of action. *See generally* Plaintiff's Original Petition. Plaintiff also sought recovery of attorney's fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code. *Id.* at 6.

Defendants removed this case to federal court pursuant to 28 U.S.C. § 1441, claiming original jurisdiction under 28 U.S.C. § 1337 and federal preemption under 49 U.S.C. § 11707, the Carmack Amendment (Instrument # 1 at 1–2). Bekins then filed a Motion to Dismiss Plaintiff's State Law Claims under Federal Rule of Civil Procedure 12(b)(6) (Instrument # 4 at 1). In response, Plaintiff filed a Motion for Leave to Amend Original Complaint (Instrument # 6). In Plaintiff's First Amended Original Complaint (Instrument # 7), Plaintiff's state law claims have been omitted and the pleadings have been revised to conform to the liability imposed by the Carmack Amendment. However, Plaintiff has retained its claim for the recovery of attorney's fees. (Instrument # 7 at 4). Defendants have not filed a response in opposition to Plaintiff's Motion for Leave to Amend. Pursuant to LOCAL RULE 6E, the Court construes Plaintiff's motion as unopposed. Since leave to amend a complaint "... shall be freely given when justice so requires," FED.R.CIV.P. 15(a), the Court concludes that Plaintiff's Motion for Leave to Amend Original Complaint should be granted. Granting leave to amend renders Bekins's Motion to Dismiss Plaintiff's State Law Claims moot. In its Second Motion to Dismiss, Bekins now moves the Court to dismiss Plaintiff's claim for recovery of attorney's fees (Instrument # 10).

## II. DISCUSSION

With respect to the Carmack Amendment, the Supreme Court held in *Adams Express Co. v. Croninger*, 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314 (1912), that local regulation may neither diminish nor increase a carrier's liability to a shipper beyond actual loss or injury to the property. "To hold that the liability therein declared may be increased or diminished by local regulation or local views of public policy will either make the provision less than supreme, or indicate that Congress has not shown a purpose to take possession of the subject." *Id.* at 506, 33 S.Ct. at 152. Congress has, in fact, shown its purpose to

take possession of the subject of interstate commerce. In reference to the 1906 Congressional amendments to the Interstate Commerce Act of 1887, commonly referred to as the Carmack Amendment and now codified in 49 U.S.C.A. §§ 10103, 10730, 11707 (West 1995), the Supreme Court stated that "[a]lmost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it." *Adams Express Co.*, 226 U.S. at 505–06, 33 S.Ct. at 151–52. As such, the Carmack Amendment preempts any applicable state law permitting the recovery of attorney's fees and codifies the common law measure of damages for actions by a shipper against a carrier. "The liability imposed under this paragraph is for the actual loss or injury to the property...." 49 U.S.C.A. § 11707(a)(1) (West 1995). As attorney's fees are not recoverable under this provision of the Carmack Amendment, the Texas attorney's fees statute is not applicable to the instant case.

Plaintiff, however, asserts that there are two cases which support the proposition that state law recovery of attorney's fees is not preempted by the Carmack Amendment. In *Missouri, Kansas & Texas Ry. Co. of Tex. v. Harris*, 234 U.S. 412, 34 S.Ct. 790, 58 L.Ed. 1377 (1914), the Supreme Court upheld a Texas statute allowing the recovery of attorney's fees of up to $20.00, where the claim did not exceed $200.00. Since 1914, however, both Texas and federal courts have declined to award attorney's fees in cases such as the one *sub judice.*

In 1968, the Texas Supreme Court distinguished *Harris* in *Southwestern Motor Transp. Co. v. Valley Weathermakers, Inc.*, 427 S.W.2d 597 (Tex.1968), as involving a statute that permitted the award of "... a nominal or limited attorney's fee on small claims." *Id.* at 604 n. 6. The current statute on which Plaintiff relies, however, permits a potentially unlimited recovery of attorney's fees. TEX.CIV.PRAC. & REM.CODE ANN. § 38.001 (Vernon 1986). This statute codifies the amendments to the Texas attorney's fees statute relied on in *Harris* and substantially expands the potential recovery of attorney's

fees. TEX.CIV.PRAC. & REM.CODE ANN. § 38.001 (Vernon 1986) (superseding TEX. REV.CIV.STAT.ANN. art. 2226 (Vernon Supp. 1984)).

In *Southwestern Motor Transp. Co.*, the Texas Supreme Court held that this potentially unlimited recovery of reasonable attorney's fees would act as an undue burden on interstate commerce and was not applicable in actions preempted by the federal law. *Southwestern Motor Transp. Co.*, 427 S.W.2d at 603. Therefore, *Southwestern Motor Transp. Co.* resolved the applicability of the Texas attorney's fees statute to Carmack Amendment cases and held that TEX.REV.CIV. STAT.ANN. art. 2226 (Vernon Supp.1984) (now TEX.CIV.PRAC. & REM.CODE ANN. § 38.001 (Vernon 1986)) was preempted by the Carmack Amendment. *Southwestern Motor Transp. Co.*, 427 S.W.2d 597.

Relying on the rule announced by the Texas Supreme Court in *Southwestern Motor Transp. Co.*, the Texas Court of Appeals in Texarkana held that a shipper was not entitled to recover attorney's fees from a carrier in an action for damage to freight incurred during transit. *Yellow Freight Sys., Inc. v. North American Cabinet Corp.*, 670 S.W.2d 387 (Tex.App.—Texarkana 1984, no writ). The Texas Court of Appeals stated that "[w]hen the cause of action is for damages for injury to freight in interstate commerce, or involves facts that are intimately connected with interstate commerce, 49 U.S.C.A. § 20(11) bars recovery of attorney's fees. The Texas attorney's fees statute, TEX.REV. CIV.STAT.ANN. art. 2226 (Vernon Supp.1984), does not overcome the federal preemption." *Id.* at 390 (citing *Southwestern Motor Transp. Co.*, 427 S.W.2d 597). Section 20 of 49 U.S.C. has been recodified as 49 U.S.C. § 11707, which continues to bar recovery of attorney's fees in actions for damages to freight incurred during interstate shipment.

Finally, Plaintiff also asserts that the holding in *A.T. Clayton & Co. v. Missouri–Kansas–Texas R.R.*, 901 F.2d 833 (10th Cir.1990), supports the proposition that state law recovery of attorney's fees is not preempted by the Carmack Amendment. The holding in *A.T. Clayton & Co.*, however, relies on a finding by the state court that the state

 

(Oklahoma) statute permitting recovery of attorney's fees is not preempted by the Carmack Amendment. *A.T. Clayton & Co.*, 901 F.2d at 835. As Texas courts have determined that the Texas statute permitting the recovery of attorney's fees is preempted by the Carmack Amendment, *A.T. Clayton & Co.* does not apply to the instant case. *Southwestern Motor Transp. Co. v. Valley Weathermakers, Inc.*, 427 S.W.2d 597 (Tex. 1968); *Yellow Freight Sys., Inc. v. North American Cabinet Corp.*, 670 S.W.2d 387 (Tex.App.—Texarkana 1984, no writ).

Accordingly, for the reasons stated above, the Court

**ORDERS** that Plaintiff's Motion for Leave to Amend Original Complaint is **GRANTED;** and

**ORDERS** that leave is **GRANTED** for Plaintiff to file its First Amended Original Complaint; and

**ORDERS** that Bekins's Motion to Dismiss Plaintiff's State Law Claims is **DENIED** as moot; and

**ORDERS** that the Bekins's Second Motion to Dismiss for Failure to State a Cause of Action is **GRANTED;** and further,

**ORDERS** that Plaintiff's claim for attorney's fees is **DISMISSED.**