[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Davis Shanaphy Group, Inc., (DSG) alleges that the defendant, Morse Moving, Co., (Morse) makes allegations in its complaint that the defendant, Morse, damaged its furniture and computer equipment while transporting these items from New York to Connecticut in violation of 49 U.S.C. § 14706, otherwise known as the Carmack Amendment.[1] (Count one.) DSG incorporates the first count into the second count and further alleges that Morse's conduct constitutes a "breach of implied duty of good faith and fair dealing implicit with every contract." (Amended Complaint, Para. 17.) DSG, in its third count further alleges that Morse's conduct constitutes a violation of General Statutes § 42-110a (CUTPA).
Morse filed a motion to strike all three counts of the amended complaint.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825 676 A.2d 357
(1996).
Morse moves to strike DSG's first count of the amended complaint on the ground that it "impermissibly joins several causes of action." In opposition, DSG argues that it has adequately pled a cause of action under the Carmack Amendment, and that Morse is seeking a separation of causes of actions united in a single count, which is properly cured by a request to revise, not a motion to strike. The proper vehicle for separating causes of action that may be confusing, is, indeed, by way of a request to revise and not a motion to strike. Rowe v. Godou,209 Conn. 273, 279, 550 A.2d 1073 (1988). Therefore, the motion to strike is denied on this ground.
Morse also moves to strike "[a]ll of the claims" and paragraphs two and three of the prayer for relief on the ground of federal preemption. Morse argues that the contract and the rights of the parties are governed by the Carmack Amendment CT Page 2312 because DSG alleges that the contract between the parties was for the interstate transportation of goods. Morse therefore contends that state statutory and common law causes of action regarding the alleged breach of contract are preempted by federal law which requires that all three counts be stricken.
In opposition, DSG argues that the first count properly alleges a violation of the Carmack Amendment and that the second and third counts respectively allege a breach of the implied duty of good faith and fair dealing and CUTPA. DSG maintains that "[a]s reflected in the Plaintiff's prayer for relief, the Plaintiff is seeking to recover costs and attorney fee's under these counts, and has removed the claim for punitive damages [from the complaint.]."
"A number of federal courts have held that the Carmack Amendment was intended to provide a uniform standard of liability in the case of interstate common carriers. . . . The Carmack Amendment because of the need for uniform federal policy and the extensiveness of federal law in this area, totally occupies the field of regulating interstate carriers." (Citations omitted.)Hall v. Superior Trucking Co. Inc., 514 F. Sup. 581, 584 (1981).
Count one of the amended complaint alleges that DSG and Morse executed a bill of lading in which horse agreed to insure DSG in the amount of $45,000. (Complaint, Para. 5.) In order to state a claim under the Carmack Amendment and survive a motion to strike a plaintiff must allege that it is entitled to recovery under the bill of lading. St. Paul Fire Marine Insurance Co. v. Wrap itUP, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 120727 June 5, 1992, Sylvester, 7 CSCR 786). When this count is construed in the light most favorably to the plaintiff it adequately alleges a claim under the Carmack Amendment.
"[B]ecause the issue of a shipper's compensation for actual loss or injury to its property has been comprehensively and directly addressed by the Carmack Amendment, a federal common law cause of action — even assuming such exists — is displaced by the Act that has established those remedies Congress deems appropriate in this field." Cleveland v. Beltman North AmericanCo. Inc., 30 F.3d 373, 381 (2nd Cir. 1994). Cleveland cites a "host of circuit court cases that stand for the proposition that the Carmack Amendment preempts state common law remedies that might be asserted against a carrier for damages to goods shipped CT Page 2313 under a proper bill of lading." Id., 378 The cases concerning preemption are in the context of breach of contract claims, and involve disputes over the loss of or damage to goods during shipping, or the collection of bad checks by the carrier for COD shipments.
There is authority for the proposition that unfair trade practices or other acts that occurred before the contract was made or after the contract is completed are distinguished from breaches of the contract and are not preempted. "The subject matter of the amendment is contracts for interstate transportation of property and the liability of carriers for breach of such contracts. . . . The Supreme Court pointed out that the purpose of the Carmack Amendment was to free interstate shipments from the diversity of legislative and judicial holdings that made it difficult for shippers and carriers to know the extent of the carrier's responsibility for goods delivered to it for transportation from one state to another." American Transfer Storage Co. v. Brown, 584 S.W.2d 284, 288 (Tex.Civ.App. 1979).
"Comprehensive though the Carmack Amendment may be in its regulation of contracts of carriage in interstate commerce and claims arising out of such contracts, we conclude that deceptive trade practices, except possibly to the limited extent of misrepresentations affecting the applicable rate, do not fall within the ambit of federal regulation. The uniformity sought by the Carmack Amendment . . . is uniformity in the requirements of a contract of carriage in interstate commerce and in the carrier's liability for breach of its duties under such a contract." Id.
"[T]he Carmack Amendment preempts only those state common or statutory bases of relief premised upon the liability of an interstate motor carrier for damages or loss to goods being transported in interstate commerce." Sokhos v. Mayflower Transit,Inc., 691 F. Sup. 1578, 1581 (D. Mass. 1988). In upholding a count alleging intentional or negligent misrepresentation of material facts, the court said "[t]his count does not relate to loss and damage to plaintiff's household goods, but rather alleges mistake or fraud in connection with the formation of the contract, . . ., and therefore is not preempted by the Carmack Amendment." Id. 1582. In Drucker v. O'Brien's Moving StorageInc., 745 F. Sup. 616, 619 (D.Nev. 1990) the court permitted a claim for breach of the implied covenant of good faith and fair CT Page 2314 dealing to be asserted alongside a Carmack claim. Furthermore, inMissouri Texas Railway Co. v. Harris, 234 U.S. 412,34 S.Ct. 790, 58 L.Ed. 1377 (1914) the Supreme Court upheld an award of attorney's fees pursuant to a Texas statute in a substantive action brought under the Carmack Amendment. The court stated that the state cause of action "d[id] not in anyway either enlarge or limit the responsibility of the carrier for the loss of property entrusted to it in transportation, and only incidentally affect[ed] the remedy for enforcing that responsibility." Id., 420. See A.T. Clayton Co v. Missouri-Kansas-Texas R.R.,901 F.2d 833, 835 (10th Cir. 1990) (affirming an award for attorney fees pursuant to an Oklahoma statute in a Carmack Amendment case).
Counts two and three are not controlled by the Carmack Amendment to the extent that count two alleges a failure to investigate and adjust a claim for damages and to communicate or correspond with DSG regarding its claims for damages, and count three alleges a deceptive trade practice pursuant to CUTPA as to the required procedures and trade practices.
For these reasons, Morse's motion to strike the first, second and third count of DSG's amended complaint and the second and third paragraphs of the prayer for relief is denied.
D'Andrea, J.