Eva I. COLQUITT, Appellee,

v.

Frank HILL and Juanita Hill, husband and wife, Appellants.

No. 59181.

Court of Appeals of Oklahoma, Division No. 4.

March 27, 1984.

Released for Publication by Order of the Court of Appeals April 27, 1984.

Alfred K. Hambrick, Midwest City, for appellee.

Robert W. Amis, Amis & Amis, P.C., Del City, for appellants.

BRIGHTMIRE, Judge.

The issue presented for review here brings into focus the authority of a judge, sitting as a court of equity, to grant a new trial "in the interest of equity."

I

Plaintiff Eva I. Colquitt brought this action to enjoin defendant Frank Hill from carrying on commercial activity—an automobile body and repair business—which she alleged to be in violation of subdivision plat restrictions.

The matter was tried June 24, 1982, at which time judgment was granted to defendants.

On July 2, 1982, plaintiff moved the court to vacate such judgment and grant a new trial, alleging surprise at trial and newly discovered evidence. Each allegation was

supported by affidavit. The surprise she complained of was a proof requirement imposed by the trial judge at the close of the trial on a matter she thought had been admitted in the pleadings. The trial court granted the motion for new trial on September 10, 1982. Defendants appeal.

## II

While the trial judge did not specify why he thought equity would be served by granting a new trial, we are obliged to presume that he had good reason for his conclusion and that he exercised a sound decisional discretion.

 Moreover, under 12 O.S.1981 § 1031.1, a trial judge is given almost unlimited power to vacate his judgment within 30 days after its rendition. This statute has been construed as authorizing use of the power it grants after the 30 day period if a party has invoked it within the 30 day span by filing a motion to vacate a judgment. *Orthopedic Clinic v. Jennings,* Okl., 481 P.2d 139 (1971).

 Defendants' conclusion that the trial court, in granting a new trial, acted arbitrarily is not supported by the record.

Affirmed.

DeMIER, P.J., and STUBBLEFIELD, J., concur.