Mike CRAIG, and C.L. Craig, Trustees
of the Cleo L. Craig Trust,
Appellees,

v.

Larry CABELKA, an Individual,
Appellant.

No. 77628.

Court of Appeals of Oklahoma,
Division No. 1.

Aug. 11, 1992.

Daniel M. Delluomo, Oklahoma City, for appellees.

Ryland L. Rivas and Edwin J. Carey, Jr., Chickasha, for appellant.

## MEMORANDUM OPINION

JONES, Judge:

Larry Cabelka brings this appeal from the District Court's Order in a small claims action overruling his Motion to Vacate De-

fault Judgment, claiming the trial court lacked jurisdiction and that his Due Process rights were violated because he did not receive notice and a hearing. Cabelka also states that error was committed when judgment was entered in a forcible entry and detainer action when he (the occupier of the land) claimed to occupy under color of title. The motion to vacate was filed seven days after the default judgment was entered.

Appellees initiated this lawsuit as a forcible entry and detainer action against Appellant on behalf of the Cleo C. Craig Trust. Appellees alleged Appellant was wrongfully in possession of approximately 100 acres of real estate property owned by the Trust. Originally, over 200 acres of land was purchased by Appellant Cabelka and Cleo Craig from the Protective Life Insurance Company. The Warranty deed dated November 7, 1977, described the property as follows:

NE/4 and N/2 N/2 SE/4 of Section 22–T2N–R11W, Indian Meridian, containing 200 acres more or less.

Six years later, on August 22, 1983, Mr. and Mrs. Craig granted by Warranty Deed the northern half of the tract to Mr. Cabelka and his wife.

N/2 NE/4 and N/2 N/2 S/2 NE/4, Section 22–T2N–R11W, Indian Meridian, containing 100.6 acres more or less.

On the same day, Appellant and his wife granted by warranty deed the southern half to the Craigs:

S/2 N/2 S/2 NE/4 and S/2 S/2 NE/4 and N/2 N/2 SE/4 Section 22–T2N–R11W, Indian Meridian, containing 100.7 acres more or less.

Two days later, on August 24, 1983, Cleo Craig granted a life estate in the northern half of the property to Appellant. It is noted that this tract had already been conveyed to Cabelka and his wife:

N/2 NE/4 and N/2 N/2 S/2 NE/4, Section 22–T2N–R11W, Indian Meridian, containing 100.6 acres more or less.

On March 26, 1990, the estate of Cleo L. Craig, deceased, was admitted to probate in the District Court. The Cleo C. Craig Trust was established by the Order. Appellees, Mike Craig and C.L. Craig were appointed trustees.

On February 1, 1991, the trustees filed a Forcible Entry and Detainer Affidavit against Appellant, alleging he was in wrongful possession of property located in Comanche County, described as:

S/2 N/2 S/2 NE/4 and S/2 S/2 NE/4 and N/2 N/2 SE/4, Section 22–T2N–R11W of the Indian Meridian, Comanche County, Oklahoma.

This property consisted of the southern half of the property which Appellant deeded to Craig on August 22, 1983, and appears not to be the property which was the subject of the life estate. Summons to Cabelka was issued on January 1, 1991 and filed on February 1, 1991. The hearing was set for February 12, 1991. An Alias and Amended Forcible Entry and Detainer Affidavit was filed on February 15, 1991. A second Summons was issued the same day. A copy of the Amended and Alias Forcible Entry and Detainer Affidavit was mailed to Appellant at 232 N.E. 46th Street in Lawton, Oklahoma on February 19, 1991. [R.19]. The return receipt was not signed by Appellant until March 5, 1991, the day of the trial. Cabelka did not appear at the trial. The District Court entered default judgment against Cabelka for failure to appear. The following week, Cabelka filed a Motion to Vacate.

At the hearing on Motion to Vacate held on April 26, 1991, the process server testified that after several unsuccessful attempts to serve Appellant, he posted the Alias and Amended Petition at the subject property on February 15, 1991. A signed and sworn Affidavit corroborated the testimony. Additionally, at this hearing the trial court was advised that Cabelka was in possession of this farm property under a claim of a life estate.

After hearing all the evidence and testimony, the trial court overruled Appellant's Motion to Vacate, assessed rent for the use of the property and awarded fees and costs to Appellees. Appellant appeals that decision to this Court.

■ Appellant claims he was denied Due Process rights, and cites part of 12 O.S.Supp.1990 § 1148.5, which is set out as follows:

"the summons may be served as in other cases except that such service shall be at least three days before the day of trial, and the return day shall not be later than the day of trial ..."

Section 1148.5A gives further instruction to the claimant who exercises "reasonable diligence".[1] The statute requires only that Plaintiff mail a copy of the Summons to the defendant at his last known address by certified mail at least seven days prior to the date of trial. The record shows service was made on February 15, 1991. Although the receipts were filed of record on April 17, 1991, the return of service was dated March 5, 1991, the day of the trial. The evidence shows the Appellees exercised due diligence in attempting to serve the Appellant, and that the statutes were observed.

■ Appellant additionally alleges he was denied his day in court, but does not contend he failed to attend the hearing on April 26, 1991. In fact, the record shows both parties presented argument, witnesses, and evidence which was considered by the Court prior to making its ruling denying the Appellant's Motion to Vacate. The Court did not deny Due Process rights to Appellant by denying him a hearing.

■ Appellant claims the trial court had no jurisdiction because legal sufficiency of title can not be determined in a forcible entry and detainer action. An action for Forcible Entry and Detainer may be brought only where the tenant is holding over and is a settler or occupier of lands and tenements without color of title. See 12 O.S.Supp.1990 § 1148.3. It appears from the legal description of the subject property that Appellant has not alleged a claim because his life estate pertains to an entirely different tract of land. However it is to be noted, T. 12 O.S.1981 § 1148.6.A states in part:

In all cases in which the defendant wishes to assert title ... he shall, ... file a verified answer or an affidavit which contains ... the facts constituting his defense of title. If the defendant files such a verified answer or affidavit, the action shall proceed as one in ejectment before the proper division of the district court....

■ In this action the defendant, Cabelka, did file an answer asserting title to the disputed tract. As noted in the last quoted statute, *in all cases* in which the defendant *wishes* to assert title the action *shall* proceed as one in ejectment. In the cause before the Court the Defendant has asserted title to the questioned parcel. The legal sufficiency of this claim cannot be determined in a forcible entry and detainer action. *Ferguson v. District Court of Oklahoma County,* 544 P.2d 498 (Okl.1975), *Dix v. Burkhard* 191 Okl. 443, 130 P.2d 837 (1942); *Lyons v. Lyons* 185 Okl. 70, 90 P.2d 391 (1939).

■ The trial court has the discretion to vacate its own judgment,[2] but a refusal to vacate is not reversible error unless an abuse of discretion is shown. *Nu–Pro, Inc., v. G.L. Bartlett & Co., Inc.,* 575 P.2d 618 (Okl.1977); *Woodruff v. Moore,* 182

1. If, in the exercise of reasonable diligence, service cannot be made upon the defendant personally nor upon any person residing on the premises over fifteen years of age, then in lieu of service by certified mail, service may be obtained for the sole purpose of adjudicating the right to restitution of the premises by the Sheriff's posting said Summons Conspicuously on a building on the premises, and, if there be no building on said premises, then by posting the same at some conspicuous place on the premises sought to be recovered at least five days prior to the date of trial and by claimants mailing a copy of the Summons to the defendant at his last known address by certified mail at least seven days prior to said date of trial.

Such service shall confer no jurisdiction upon the Court to render any judgment against the defendant for the payment of money nor for any relief other than the restoration of possession of the premises restoration of possession of the premises to the claimant, unless the defendant appears at trial. Such service shall not be rendered ineffectual by the failure of the defendant to actually see or receive such posted process nor by his failure to actually receive or sign a return receipt for such mail process. 12 O.S.Supp.1990 § 1148.5A.

2. 12 O.S.Supp.1990 § 1031.1

Okl. 120, 77 P.2d 62 (1938). Appellant has the burden to show by the record that the trial court's decision was an abuse of discretion. In as much as the Trial Court erred in issuing a judgment in a forcible entry and detainer proceeding where title had been placed in issue, failure to vacate that judgment was an abuse of discretion. Accordingly, the order denying the motion to vacate is REVERSED and REMANDED.

ADAMS, P.J., and GARRETT, J., concur.