ADVANCED MACHINING AND FABRI-
CATING, INC., Advanced Plastics Com-
posites Marketing Group, Inc., and Ad-
vanced Plastics, Inc., Appellees,

v.

Linvin DOTY, III, Appellant,

and

Delores Maxine Hayes and Citizen
Bank of Tulsa, Defendants.

No. 82056.

Court of Appeals of Oklahoma,
Division No. 2.

Dec. 13, 1994.

Rehearing Denied Feb. 6, 1995.

Certiorari Denied April 10, 1995.

Darrell E. Williams, Clark & Williams,
Tulsa, for appellees.

James C. Linger, Tulsa, for appellant.

*MEMORANDUM OPINION*

BOUDREAU, Presiding Judge.

Defendant, Linvin Doty, appeals an order of the trial court denying his motion to vacate a summary judgment taken against him by Plaintiff, Advanced Machining and Fabricating, Inc., pursuant to 12 O.S.1991 § 1031.1. The issue on appeal is whether the trial court abused its discretion in not vacating the judgment. We hold that it did and reverse and remand the matter for further proceedings.

Advanced filed a petition alleging that Hayes, an employee, had embezzled funds from it and that those funds had been converted to the use of Hayes and Doty. In addition to the civil suit, Hayes was charged with nineteen counts of criminal embezzlement in Tulsa County District Court. Both Doty and Hayes were originally represented by Bencile Williams.

Advanced moved for summary judgment in the civil case. Two days later, Bencile Williams filed an application to withdraw as attorney for both of the defendants. He was replaced by Terrel DoRemus who then represented both defendants in the civil case and Hayes in the criminal matter. DoRemus subsequently filed a document that he styled "Response to the Plaintiff's Motion for Summary Judgment." The document was actually a motion to enforce an alleged agreement between the parties to stay the civil action pending disposition of the criminal proceeding against Hayes. Advanced filed a response to the motion denying that there was any such agreement.

A hearing on both Advanced's motion for summary judgment and the Defendant's motion to stay was set for April 5, 1993. On that day, DoRemus filed a formal application to withdraw as attorney for Doty alleging a conflict of interest because of his representation of Hayes. On the same day, the court entered an order sustaining Advanced's motion for summary judgment against Doty only. The journal entry reflecting that ruling was filed on April 13, 1993. It recited that Doty appeared pro se. On April 14, 1993, the trial judge signed an order allowing DoRemus to withdraw as attorney for Doty.

On May 5, 1993, Doty, through a new attorney, filed a motion to vacate the summary judgment, an accompanying brief, and a motion for extension of time. After a hearing, the trial court refused to vacate the judgment. It is from this ruling that Doty appeals.

Doty filed his motion to vacate within thirty days of the filing of the judgment. Accordingly, it was a timely "term-time motion" under 12 O.S.1991 § 1031.1. *Schepp v. Hess,* 770 P.2d 34, 36 (Okla.1989). The test for measuring the legal correctness of a trial court's response to a timely-filed section 1031.1 plea is "whether sound discretion was exercised upon sufficient cause shown to vacate, modify, open or correct the earlier decision, or to refuse the relief sought." *Id.* at 39 (emphasis omitted).

Under this standard of review, we conclude that the judge abused his discretion in not vacating the summary judgment. DoRemus was clearly presented with a conflict of interest in his joint representation of both Doty and Hayes. DoRemus failed to file any meaningful response on behalf of either defendant to Advanced's pending motion for summary judgment. Instead, he chose to seek a stay of the civil action until the conclusion of the criminal case against Hayes. It is obvious that he recognized that the grant of a stay would have obviated the necessity of having to disclose any information in a response that might have potentially hurt Hayes' defense of the criminal charges. However, in his zealousness to protect Hayes, DoRemus failed to properly defend Doty by filing an adequate response to Advanced's motion for summary judgment. As a result of DoRemus' failure to protect his client's interest, summary judgment was entered against Doty at the hearing, but not against Hayes.

Both DoRemus and the trial judge recognized the existence of the conflict at the time of the hearing in which the adverse judgment was granted. In fact, DoRemus filed his application to withdraw on the day of the hearing reciting the conflict created by his dual representation. Although the judge did not sign the order allowing DoRemus to withdraw until April 14, it is clear that the judge was informed of and actually granted DoRemus' request to withdraw at the hearing because the journal entry granting judgment reflects that Doty appeared pro se.

Under these circumstances, it would be unjust to refuse to vacate the judgment. The judgment is reversed and the case is remanded to the trial court for further proceedings.

REVERSED AND REMANDED.

REIF, C.J., and RAPP, J., concur.