2001 OK CIV APP 132

**Sharon A. MEREDITH,**
**Plaintiff/Appellee,**

v.

**David Leo SMITH, Defendant/Appellant.**

**No. 92,704.**

Court of Civil Appeals of Oklahoma,
Division No. 3.

Decided July 13, 2001.

Certiorari Denied Oct. 2, 2001.

Laura A. Shaeffer, Shaeffer, Shaeffer & Kernal, Norman, OK, for Plaintiff/Appellee.

David L. Smith, Oklahoma City, OK, Pro se.

HANSEN, Chief Judge.

¶ 1 Defendant in this small claims action appeals from the trial court's order denying his motion to vacate an order granting attorney fees to Plaintiff.

¶ 2 Plaintiff, a court reporter, sued Defendant for $458.25. Defendant advised the court he agreed not to contest the action, and thus he did not appear at the hearing. The trial court granted default judgment to Plaintiff for that amount.

¶ 3 After an initial abortive attempt[1] by Plaintiff to obtain an order granting her request for attorney fees, the trial court entered an order giving Plaintiff $3,300.00 for attorney fees and $120.00 in costs. Due to scheduling conflicts, Defendant could not appear at the hearing which had been reset without agreement by Defendant. The trial court entered this order on December 17, 1998. Defendant did not appeal or file a motion for new trial.

¶ 4 On January 12, 1999, Defendant filed a motion to vacate the December 17 award. Although not so denominated by Defendant, his motion was filed within 30 days of the judgment and will be considered as a *12 O.S.1997 Supp. § 1031.1* (B) motion. The

trial court overruled his motion, and he appeals.

¶ 5 The trial court has discretion to vacate its own judgment, and refusal to vacate is not reversible error unless abuse of discretion is shown. *Craig v. Cabelka, 1992 OK CIV APP 98, 838 P.2d 532.* Although under this section, the trial court's power is almost unlimited, the application may be granted only for sufficient cause shown. *Jones v. Strain, 1979 OK CIV APP 48, 603 P.2d 353.*

¶ 6 In his motion to vacate and on appeal, Defendant argues the award of attorney fees should have been limited to 10% of the judgment as set out in *12 O.S.1998 Supp. § 1751* (C). That section provides in cases "which are uncontested, the amount of attorneys fees allowed shall not exceed ten percent (10%) of the judgment." He claims the parties agreed Plaintiff was entitled to $458.25 as judgment in the action. Based on the agreement, Defendant allowed the default judgement to be entered against him hoping to limit attorney fees to the statutory 10%.

¶ 7 Plaintiff asserts the action could scarcely be called uncontested. Defendant appeared on the date the case was initially set and announced ready for trial. However, because all the judges in Cleveland County recused, the hearing was continued. Defendant also filed two motions in an effort to have the case dismissed. Plaintiff points out that simply because Defendant chose not to appear for the reset hearing on the merits, does not mean the matter was uncontested. We agree. The attorney fee cap does not apply under these circumstances. Plaintiff's attorney spent time drafting responses to Defendant's motions and appeared in court several times.

¶ 8 *12 O.S.1997 Supp. § 1764* provides, in pertinent part, that "any statute providing for an award of attorney fees shall be applicable to the small claims division if the attorney makes an appearance in the case, whether before or after judgment or on

---

**1.** The trial court initially issued an order granting attorney fees which it later vacated on proce- dural grounds.

hearing for disclosure of assets." Plaintiff filed this action to recover charges for her services in taking and transcribing a deposition for Defendant. *12 O.S.1991 § 936* authorizes attorney fees for the prevailing party in such an action for labor or services. Plaintiff is clearly entitled to attorney fees.

¶ 9 Defendant also argues the amount of attorney fees bears no relation to the amount of the judgment and is unreasonable. The determination of the reasonableness of an attorney's fee is particularly within the province of a trial court. We review the district court's award of attorney's fee for abuse of discretion. *Marvel v. Miken, 1994 OK CIV APP 150, 889 P.2d 903.* An attorney in Oklahoma is clearly prohibited from receiving a fee which is excessive or unreasonable. *American National Bank and Trust Co. of Shawnee v. Clarke & Van Wagner Inc., 1984 OK CIV APP 37, 692 P.2d 61.* However, an attorney fee award is not unreasonable simply because it exceeds the amount of the judgment. *AME, Inc. v. Consolidated Freightways, 1989 OK CIV APP 57, 783 P.2d 499.*

¶ 10 Because litigants are entitled to a fair day in court, policy encourages actions being tried on the merits, and default judgments are not favored. *Nelson v. Nelson, 1998 OK 10, 954 P.2d 1219.* In his motion to vacate, Defendant points to several contested issues. He claims he mailed Plaintiff's lawyer a check for $586.62 with a cover letter stating $45.83 was for attorney fees which Plaintiff cashed. Plaintiff admits cashing the check but states she did not see the cover letter and offered to return the $45.83. Defendant, an attorney, also points out that he had two other hearings set at the time the trial court held the hearing on attorney fees. He advised the court of the conflicts, but the judge stated in his order that he had contacted the other court and made arrangements to postpone the proceeding. Defendant claims his client would not agree.

¶ 11 The Supreme Court, in reviewing a trial court's ruling refusing to vacate a default judgment has considered several factors: 1) default judgments are not

favored; 2) vacation of a default judgment is different from vacation of a judgment where the parties have had at least one opportunity to be heard on the merits; 3) judicial discretion to vacate a default judgment should always be exercised so as to promote the ends of justice; 4) a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has not. The Court also considered whether substantial hardship would result from granting or refusing to grant the motion to vacate. *Ferguson Enterprises, Inc. v. H. Webb Enterprises, Inc., 2000 OK 78, 13 P.3d 480.* This Court may also consider whether any rights of a stranger would be affected. Also, if the motion could be granted without substantial delay or injustice and its denial might work a serious injustice, a denial would constitute an abuse of discretion and should be reversed on appeal. *Latson v. Eaton, 1957 OK 105, 311 P.2d 231.*

¶ 12 Here, the trial court stated in its order overruling Defendant's motion to vacate that it considered the *Burk*[2] factors. However, there is no record before us supporting this finding. $3,300.00 in attorney fees to prosecute an action for $485.25 appears to be unreasonable, especially in a small claims case. *See, Roofing & Sheet Metal Supply Company of Tulsa, Inc. v. Golzar–Nejad Khalil, Inc., 1996 OK 101, 925 P.2d 55,* 60.

¶ 13 Accordingly, the judgment refusing to vacate the default judgment for attorney fees is reversed and the cause remanded with directions to grant Defendant a full hearing on the amount of attorney fees to be awarded Plaintiff.

¶ 14 REVERSED AND REMANDED

GARRETT, J., concurring:

¶ 15 While I concur, additional comments are needed. The attorney fee order was entered on December 17, 1998. Appellant's motion to vacate was filed 26 days later, on January 12, 1999. Therefore, this appeal from the order denying the motion to vacate must be considered in the light of *12 O.S.*

---

**2.** *State ex rel. Burk v. Oklahoma City, 1973 OK 134, 522 P.2d 612.*

*Supp.1977 § 1031.1* (B).[3] The trial court has almost unlimited power to vacate its judgment within 30 days after its rendition. *Colquitt v. Hill, 1984 OK CIV APP 18, 680 P.2d 994.* However, its order, to vacate or not to vacate, is not reversible unless an abuse of discretion is shown. *Craig v. Cabelka, 1992 OK CIV APP 98, 838 P.2d 532.*

¶ 16 When an order is entered by the trial court upon the motion of a party to vacate a judgment under the power and authority granted by § 1031.1, the issue on appeal is whether the trial court's response to the motion constituted an abuse of discretion. Cf. *Yery v. Yery, 1981 OK 46, 629 P.2d 357.* Was the attorney fee excessive, unreasonable and contrary to law? Did the court abuse its discretion when it entered the order and, as applicable here, when it refused to vacate the order when requested, within term time? Both questions should be answered in the affirmative.

¶ 17 Plaintiff sued Defendant for $485.25. On its face, an attorney fee of $3,300.00 in an action involving $485.25 is excessive and unreasonable. This is especially true in a small claims case, but I would so hold, in the absence of extreme conditions, in any action.

¶ 18 One of the purposes of the small claims act is to make available to litigants a simple, swift and inexpensive method to settle minor civil disputes. As our Supreme Court said in *Thayer v. Phillips Petroleum Co., 1980 OK 95, 613 P.2d 1041,* "We may reasonably assume that people who use it [small claims court] expect the expense to be minimal." As originally enacted, the Act did not allow attorney fees. Now, the statute [see *12 O.S. Supp.1995 § 1751* (C)] allows such fees where otherwise allowed by law, but limits the fee to 10% of the judgment in uncontested cases.

¶ 19 In this appeal it is disputed whether the case was contested. However, whether contested or uncontested, small claims procedure restricts the parties in their legal activities. The plaintiff's claim is required to be stated on an affidavit substantially in the form prescribed by statute. The forms are available at the court clerk's office. The clerk is required to assist the claimant by drafting the affidavit if claimant desires. The defendant is not required to file an answer or other pleading to deny or contest a claim. The defendant *may* file an answer and/or file a counterclaim or setoff. If the defendant decides to file such a response to the plaintiff's claim, it is required to be on an affidavit substantially in the form prescribed by statute. The forms are available at the court clerk's office.

¶ 20 The applicable statutes neither contemplate nor authorize extensive activity by lawyers in these actions. Discovery is not permitted. Lawyers are allowed, but are not required. The Judge runs the show. The procedure is informal. Pre-trial procedures, motions and orders are not authorized. The usual evidentiary rules are not required. A motion to transfer the case to another docket and a motion (request) for jury trial are allowed. Otherwise only minor motions or requests are allowed. If the parties want the court to take some action, a simple oral request is sufficient. And, on and on.

¶ 21 Apparently, in this case the lawyers conducted themselves substantially as they would in an action on the regular civil docket. The trial court should not have allowed numerous motions and time consuming activity. This was error. As one who has been there many times, I must admit that lawyers can be, and often are most insistent. By the same token, the court can easily control the lawyers' activity and conduct of the hearing and trial, and should do so.

¶ 22 The legislative intent, as expressed in the Small Claims Act, should be given effect. As above stated, a quick, simple and inexpensive method of administering justice is the goal.

¶ 23 I agree that this case must be reversed and remanded for a new hearing on the amount of attorney fees to be awarded to Plaintiff.

¶ 24 I concur.

---

**3.** Section 1031.1 was again amended in 1999, but the 1999 amendment is not material to the issues presented in this appeal.

**BUETTNER, P.J., dissenting:**

¶ 25 Defendant appeals the denial of his Motion to Vacate an order awarding $3,300 attorneys fees and $120 in costs filed December 18, 1998. Plaintiff, a court reporter, successfully sued Defendant, a lawyer, under the small claims procedure for $485.25 for a deposition which Defendant had requested but not paid for.

¶ 26 Defendant raised three propositions in his Motion to Vacate. First, Defendant claimed that attorneys fees should be limited to 10% of the judgment pursuant to a provision of the Small Claims Procedure Act:

In those cases which are *uncontested*, the amount of attorneys fees allowed shall not exceed ten percent (10%) of the judgment.

*12 O.S.1991 § 1751* (C) (emphasis added). Although Defendant asserted that Plaintiff's small claims action was uncontested; Defendant filed a Motion to Dismiss (August 6, 1998) and a Motion to Dismiss or in the Alternative Motion to Transfer Due to Lack of Venue (August 18, 1998). These motions were filed after a July 3, 1998 Notice that the case was set for hearing September 1, 1998. Plaintiff responded to these motions August 21, 1998. Defendant failed to appear at the September 1, 1998 hearing and when the trial court telephoned Defendant during the hearing, Defendant indicated he had elected not to appear in order to limit Plaintiff's potential attorneys fee award under § 1751(c). At the hearing, Defendant's motions were denied, and default judgment was entered for Plaintiff.

¶ 27 As a result of Defendant's motions to dismiss and to transfer venue, this case was not "uncontested" under the meaning of § 1751(C).[4] In order to cap attorneys fees at 10% of the judgment under this section, I interpret "uncontested" to mean that the defendant acknowledges liability or does not interpose any defense to the claim. One cannot file motions seeking dismissal of an action or contesting venue, then fail to show

up at the hearing, but also seek the protection of an attorneys fee cap based on not contesting the action.

¶ 28 In this case, had Defendant not contested the claim, the statute would have capped attorneys fees at $49.00. Instead, he raised legal issues to which Plaintiff was required to respond, then failed to appear to present his motions, which had the effect of requiring Plaintiff to prepare for a hearing on the motions as well as a trial on the merits. Subsequent to the default judgment on the small claims action, Defendant filed a Motion to Dismiss Due to Settlement of the Parties and a Motion to Compel. Then, Defendant objected to Plaintiff's Motion for Attorneys Fees, which resulted in a hearing over a two day period. After Defendant failed to appear at the continued hearing on December 17, 1998, despite having notice and a specific order from the trial judge to appear, the trial court filed the $3,300 attorneys fee award December 18, 1998. Defendant filed his Motion to Vacate the attorneys fee award January 12, 1999. Plaintiff was required to respond to each of these motions. After the Motion to Vacate was overruled, Defendant filed this appeal, which Plaintiff was required to defend.

¶ 29 Undoubtedly, Defendant had the right to defend this case. As a lawyer, he is fully aware of the statutes applicable to small claims proceedings and the ability to recover attorneys fees and costs when suing to collect for services rendered. He is also aware of the burden that attorneys fees and costs can have on litigants. When a litigant chooses to aggressively defend a case in which attorneys fees are available to the prevailing party, then he should expect to pay the attorneys fees incurred by the plaintiff in responding to the aggressive defense if he does not prevail. And, where a statute caps potential attorneys fees based on a defendant's choice not to contest the action, a defendant should expect

---

4. Curiously, Defendant argues that the case should be considered uncontested because the only legitimate motion that can be filed in a small claims action is a motion to transfer to the regular docket of the District Court, citing *Lee Wayne Co., Inc. v. Pruitt, 1976 OK CIV APP 23, 550 P.2d 1374*. This would mean that Defendant

signed and filed two motions not supported by law. See *12 O.S.1991 § 2011* (B). Defendant may not benefit from such circular and dubious reasoning on the issue of whether the case was uncontested, or the issue of the reasonableness of the attorneys fee award.

that in aggressively defending he may subject himself to a fee award exceeding such cap amount.[5]

¶ 30 The second issue in Defendant's Motion to Vacate was that the attorneys fee award was unreasonable. The majority essentially concludes that the $3,300 fee award is so disproportionate to the $458.25 judgment that it is *per se* unreasonable. The majority states that although the Journal Entry recites that the trial court considered the *Burk* factors, there is no record showing consideration.

¶ 31 However, the merits of the attorneys fee award is not before us. The issue before us is whether the trial court abused its discretion in denying Defendant's Motion to Vacate the attorneys fee award. The test for measuring the correctness of a trial court's response to a timely-filed § 1031.1 motion is whether the trial court exercised sound discretion upon sufficient cause shown to vacate, modify, open or correct the earlier decision, or to refuse the relief sought. *Hotels, Inc. v. Kampar Corp., 1998 OK CIV APP 93, 964 P.2d 933,* 935, citing *Advanced Machining & Fabricating, Inc. v. Doty, 1994 OK CIV APP 172, 894 P.2d 1139,* 1140.

¶ 32 Defendant did not designate Plaintiff's Motion for Attorneys Fees to be part of the record. (Plaintiff did counter-designate her Motion for Attorneys Fees but inexplicably the Motion is not part of the record.) The Motion was heard November 20 and December 17, 1998 and a Journal Entry was filed December 18, 1998. The Journal Entry reflects that the trial court considered sworn testimony and the *Burk* factors. Defendant did not designate a transcript of the hearing for the appellate record, nor did he prepare a narrative statement pursuant to Supreme Court Rule 1.30.

¶ 33 An appellant has the responsibility of incorporating into the appellate record all materials necessary to secure the relief from the trial court's alleged erroneous decision. *Davidson v. Gregory, 1989 OK 87, 780 P.2d 679.* Additionally, this court has explained that an appellant has the burden of causing a record to be prepared which demonstrates the trial court erred. *Atchley v. Hewes, 1998 OK CIV APP 143, 965 P.2d 1012,* 1013, citing *Hulsey v. Mid–America Preferred Ins. Co., 1989 OK 107, 777 P.2d 932;* see also Supreme Court Rule 1.28, 12 O.S.Supp.1997, Ch. 15, App. Further, legal error may not be presumed from a silent record. *McNickle v. Phillips Petrol. Co., 2000 OK 28.* Yet, the majority opinion has rewarded Defendant's failure to designate a sufficient record by finding a ground to reverse in the lack of a record. When the appellate record contains no evidence on a particular issue, a presumption arises that the judgment was responsive to the proof adduced at trial. *Hamid v. Sew Original, 1982 OK 46, 645 P.2d 496,* 497. Likewise, an appellate court normally indulges every presumption of the correctness of the trial court's judgment in the absence of a record. *Davidson, supra.* We presume the trial court found every fact necessary to support its judgment. *Id.*

¶ 34 While Defendant did not designate the evidence supporting the attorneys fee award, he did include in the record on appeal his Objection to Plaintiff's Application for Attorneys Fees. Defendant raised two issues in his objection: (1) fees were limited to 10% of the judgment in accordance with *12 O.S.1991 § 1751* (C), and (2) the motion did not meet the required standard of proof. We have held that § 1751(C) was not applicable to this case. We are unable to review Defendant's second issue because Defendant did not designate either the Motion for Attorneys Fees

---

**5.** There is no concern that this risk might chill the assertion of a viable defense because, as noted in the concurring opinion, the Small Claims Procedure Act is designed to give litigants a simple and inexpensive procedure for resolving minor disputes. In order to keep such cases inexpensive, defendants are rewarded for not contesting such cases by the 10% cap on attorneys fees afforded by § 1751(c). However, the separate concurrence suggests that the trial judge is in control of the action and that aggressive defense tactics should not be permitted and therefore not considered in an award of fees. This attitude simply encourages and rewards the hardball litigant. A trial judge cannot prevent unauthorized or frivolous pleadings from being filed, and it would be an exceptional occurrence for a judge to notice such pleadings immediately upon filing and excuse the opponent from the necessity of responding to such pleadings.

or the evidence considered by the trial court at the hearing.

¶ 35 Even if we were to speculate on the substance of the Motion for Attorneys Fees, the only factor the majority relies upon is the proportionality of fees to the claim. However, in any case covered by a prevailing party fee statute (such as *12 O.S.1991 § 936*) the claim necessarily includes the reasonable attorneys fees expended to collect the amount due. Additionally, simply deciding the award was excessive is not synonymous with finding the trial court abused its discretion in denying a motion to vacate the award, particularly considering that Defendant elected not to appear in order to challenge the fee request.

¶ 36 The trial court had before it the following evidence (with all inferences in favor of the Plaintiff):

a) Defendant filed unauthorized motions in a small claims case which required Plaintiff to respond and prepare for hearing;

b) Defendant failed to appear at trial, then obstinately used that fact to argue the case was "uncontested," despite his earlier motions to dismiss and to contest venue;

c) Defendant admitted he owed $458.25 to Plaintiff for a deposition he took some time prior to the filing of the Small Claim Affidavit in April 1998.

d) Defendant communicated directly with Plaintiff after the litigation commenced knowing Plaintiff was represented by counsel;

e) Defendant filed a motion to dismiss the attorneys fee claim, in which he alleged the attorneys fee award was settled when he sent Plaintiff a check for the judgment plus costs, to which motion Plaintiff again had to respond;

f) Plaintiff presented evidence that a cover letter used by Defendant as support for his motion in (e) was not sent with the check;

g) Plaintiff had to schedule a hearing on assets to obtain payment of the $458.25 plus costs judgment.

h) The hearing on attorneys fees began November 20, 1998 and was continued (at Defendant's request) to December 17, 1998. Defendant was specifically ordered by the trial court to appear. The trial court eliminated the court conflict of Defendant. Nevertheless, Defendant failed to appear and the trial court took evidence and entered an award of attorney fees.

Based on this evidence, and the failure to present a sufficient record, Defendant cannot show the attorneys fee award was so excessive that the denial of his motion to vacate that award was an abuse of discretion.

¶ 37 The third issue raised in Defendant's Motion to Vacate is that scheduling conflicts prevented Defendant from attending the continued hearing on attorneys fees December 17, 1998, which resulted in an award greater than requested.[6] There is evidence that Defendant was properly notified of the hearing on December 17, 1998.

¶ 38 Defendant failed to present a sufficient appellate record to support a finding of abuse of discretion. The Order filed December 18, 1998 describes the alleged scheduling conflicts and states:

Defendant, David Leo Smith, fails to appear after the undersigned Judge specifically ordered and directed him to appear at this hearing. Defendant previously had this hearing continued because of a purported illness in his family. Additionally, Defendant complains to this Court that he had a possible conflict in another court. This Court arranged, via Oklahoma City Municipal Court Judge Manger, to have the conflicted case continued. The Defendant informed this Court the civil matter he had set on the date of this hearing at 1:30 p.m. would be taken care of and would not interfere with his presence at this hearing. On two (2) occasions after that this undersigned Judge clearly informed the Defendant, personally and his office, that he was to be present for the hearing or this Court would proceed in his absence.

¶ 39 In fact, Defendant's Motion to Vacate suggests the trial court's recital was inaccu-

---

6. Defendant admits receiving the December 18, 1998 Order on December 31, 1998. In his Reply Brief filed November 30, 1999, Defendant argues for the first time that his appeal time has not yet started to run because there is no evidence in the court file that the December 18, 1998 order was ever mailed to him. Once again, Defendant has failed to present a sufficient record to allow us to consider this issue.

rate, but does not say that Defendant was actually in another court representing a client. Defendant's statement: "The attempt to continue both hearings, but were unsuccessful" is not entitled to any weight in light of both the trial court's recitation of the facts and Defendant's failure to present any evidence.

¶ 40 The final argument, that the amount awarded exceeded the amount requested, cannot be sustained without the Plaintiff's Application for Attorney Fees. Defendant's only reference to support the argument is the September 1, 1998 Summary Order granting judgment to Plaintiff and allowing 10 days to file a motion for attorney's fees and costs.

¶ 41 A reading of the record presented on appeal shows a defendant manipulating the legal system and then claiming he should not be required to pay for the attorneys fees he forced Plaintiff to incur because the claim was only $458.25. Plaintiff did file a small claims action in April 1998 for $458.25, but the claim also included the attorneys fees and costs included in the collection effort. She did not recover a judgment for the amount due until September 1, 1998. The $458.25 was not paid until mid-October 1998. In accordance with Oklahoma law, Plaintiff was entitled to recover the attorney's fees expended in collecting the $458.25. Defendant has multiplied the proceedings and delayed the recovery of attorney's fees for over 2½ years. His efforts have resulted in success by convincing the majority that the fees are unreasonable solely on the basis of disproportionality to the $458.25 claim. But as noted above, the merits of the attorneys fee award is not before this court. The trial court did not abuse its discretion by denying Defendant's motion to vacate.

¶ 42 The concurring opinion notes that "(t)he trial court should not have allowed numerous motions and time consuming activity" in a small claims case. Yet the Small Claims Act is not self-enforcing. When a party exceeds the limits of the Act or multiplies the proceedings, it is up to the judge to respond. It can respond with sanctions, or award fees pursuant to a prevailing party fee statute. The concurrence suggests "the court can easily control the lawyer's activity and conduct of the hearing and trial, and

should do so." Yet here, the court could not prevent the unauthorized filings, and Defendant rarely showed up in court. It was in part because Defendant did not show up in court, that additional fees were incurred. And, Defendant's out of court activities caused expenses and fees that could not be anticipated nor prevented by the judge, even in this small claims action. The judge did not need to consider sanctions in this case because attorneys fees were statutorily authorized to counteract Defendant's activities. The concurrence would disregard the prevailing party fee statute in this case based solely on the $458.25 claim. The plaintiff was entitled to a "quick, simple and inexpensive method" of adjudicating her claim which is being denied by the majority, which sends this case back for additional proceedings with additional fees which, according to the concurrence's rationale, cannot possibly be recovered. I respectfully dissent.