2011 OK CIV APP 75

**GLASS LAW FIRM P.C. d/b/a/ Glasswilkin PC, Plaintiff/Appellant,**

v.

**Rosalind CORNEJO, Individually, and Texas Billing Solutions, LLC, a Texas Limited Liability Company, Defendants/Appellees.**

No. 106,833.

Court of Civil Appeals of Oklahoma, Division No. 4.

March 25, 2011.

Rehearing Denied April 25, 2011.

Certiorari Denied June 20, 2011.

tract basis by a school district shall be reemployed on a temporary contract in that school district.

R. Charles Wilkin III, Amy E. Hampton, GlassWilkin PC, Tulsa, Oklahoma, for Plaintiff/Appellant.

DOUG GABBARD II, Vice Chief Justice.

¶ 1 In this small claims action to recover unpaid legal fees, the trial court granted a default judgment in favor of Plaintiff, Glass Law Firm P.C. d/b/a/ GlassWilkin PC (Law Firm) in the amount of $3,057.01, and also

awarded attorney fees of $305.70. Law Firm appeals the $305.70 award of attorney fees. We affirm.

## UNDISPUTED FACTS

¶ 2 Most of the facts are taken from the trial court's narrative statement. Law Firm was hired by Defendants, Rosalind Cornejo and Texas Billing Solutions, L.L.C. (collectively, Client) to defend a lawsuit. Law Firm later sued Client in small claims court for unpaid legal fees of $3,057.01.

¶ 3 Client did not respond to the petition. At trial, Law Firm appeared through one of its attorneys and the trial court entered a default judgment in favor of Law Firm for the full amount sought. Law Firm sought attorney fees for prosecuting the action, asserting that it had incurred $1,062.39 in attorney fees prior to trial, and was entitled to that amount pursuant to 12 O.S. Supp.2010 § 1764. This section is part of the Oklahoma Small Claims Procedure Act, and states that "[a]ny statute providing for an award of attorneys fees shall be applicable to the small claims division if the attorney makes an appearance in the case, whether before or after judgment or on hearing for disclosure of assets." Law Firm asserted that one of its attorneys made an appearance in the case, and, therefore, it was entitled to the full amount of its fees under 12 O.S. Supp.2010 § 936, which provides that a prevailing party is entitled to a reasonable attorney fee in any civil action to recover for labor or services rendered.

¶ 4 The trial court overruled Law Firm's request and awarded attorney fees of ten percent of the judgment, or $305.70, pursuant to 12 O.S. Supp.2010 § 1751(C) of the Small Claims Procedure Act. This section states, "In those cases which are uncontested, the amount of attorneys fees allowed shall not exceed ten percent (10%) of the judgment." Law Firm appeals.[1]

## STANDARD OF REVIEW

¶ 5 Whether a party is entitled to a statutory attorney fee is a legal question and subject to *de novo* review by this Court. *Oltman Homes, Inc. v. Mirkes,* 2008 OK CIV APP 64, ¶ 6, 190 P.3d 1182, 1186. Therefore, a decision concerning which statute is applicable is also subject to this standard of review. In a *de novo* review, we have plenary, independent, and non-deferential authority to determine whether the trial court erred in its application of the law. *Young v. Macy,* 2001 OK 4, ¶ 9, 21 P.3d 44, 47.

## ANALYSIS

¶ 6 Client did not enter an appearance in this appeal, and has not filed an answer brief or made any other filings. In such a case, the appellate court is under no duty to search the record for some theory to sustain the trial court judgment, and will ordinarily reverse the judgment with appropriate directions, where the brief-in-chief is reasonably supportive of the allegations of error. *Sneed v. Sneed,* 1978 OK 138, ¶ 10, 585 P.2d 1363, 1366. However, reversal is never automatic for failure to file an answer brief. *Hamid v. Sew Original,* 1982 OK 46, ¶ 7, 645 P.2d 496, 497.

¶ 7 The present case is a small claims action authorized under the Small Claims Procedure Act, 12 O.S.2001 & Supp. 2010 §§ 1751 et seq. The Act provides that actions for the recovery of money based on contract for less than $6,000 can be brought under small claims procedures. The Act is designed to provide "simple, swift and inexpensive justice for the litigants." *Thayer v. Phillips Petroleum Co.,* 1980 OK 95, ¶ 4, 613 P.2d 1041, 1042. One of the reasons for the simplified procedure of the small claims courts is to eliminate the need for a lawyer. *Id.*

¶ 8 As noted above, § 1751(C) of the Act specifically states that in "cases which are uncontested, the amount of attorneys fees allowed shall not exceed ten percent (10%) of the judgment." Here, the trial court relied upon this section in awarding Law Firm attorney fees in the amount of $305.70. However, Law Firm asserts that it

---

1. Law Firm filed its brief-in-chief in December 2009. Client did not respond even though this cause was not assigned to this Court until January 2011.

is entitled to all of its claimed attorney fees because § 1764 of the Act recognizes the potential applicability of other statutes if an attorney "makes an appearance in the case."

¶9 Clearly, § 1764 only applies where a litigant obtains counsel. Here, Law Firm was the Plaintiff. Like most lay persons appearing in small claims court, Law Firm represented itself. Law Firm did not hire an attorney to prosecute the lawsuit; instead, one of its own lawyers appeared. The time and effort that a litigant expends in appearing in court generally are not recoverable. This rule applies whether the litigant is a layman, a lawyer, or other professional. Thus, § 1764 does not apply in this case.[2]

¶10 Even if § 1764 applied, however, the fee could not exceed ten percent of the judgment. Section 1764 authorizes an award of attorney fees for classes of cases. However, § 1751 specifically limits the amount of attorney fees to ten percent of the judgment when the matter is "uncontested." In this case, Client never contested Law Firm's suit.

¶11 Although Law Firm asserts that it had to prepare for trial because Client remained silent about whether the suit would be challenged, Client's silence did not make the matter a contested matter. "Contest" means to challenge, including to deny, or litigate, or call into question. *Black's Law Dictionary* 314 (7th ed. 1999); *see also In re Wallace Revocable Trust*, 2009 OK 34, ¶9, 219 P.3d 536, 539.

¶12 Law Firm's reliance upon *Meredith v. Smith*, 2001 OK CIV APP 132, 35 P.3d 1002, is misplaced. In that case, the defendant filed two motions in an effort to have the case dismissed, and the plaintiff had to draft responses. Nothing like that occurred in the instant action. Here, Client never answered the suit, never filed a motion, and never appeared in court. As noted above, the matter was "uncontested."

2. Under this analysis, because Law Firm represented itself, Law Firm would not be entitled to an attorney fee. However, Client did not appeal, and the trial court's determination that Law

## CONCLUSION

¶13 For these reasons, the trial court's decision is affirmed.

¶14 AFFIRMED.

GOODMAN, P.J., and RAPP, J., concur.

Firm is entitled to an attorney fee is not before us. The sole issue presented is the amount of the fee.