2012 OK 113

**Henry Dean VAUGHAN and Jessie Elaine Vaughan, Petitioners,**

v.

**Honorable Bill GRAVES, District Judge of the District Court of Oklahoma County, Respondent.**

No. 110,622.

Supreme Court of Oklahoma.

Dec. 18, 2012.

---

Mark D. Mitchell, Mitchell & Hammond, Oklahoma City, Oklahoma, for Petitioners Henry Dean Vaughan and Elaine Vaughan.

G. Michael Solomon, Stillwater, Oklahoma, for Real Party in Interest, Bank of Cushing.

Michael Paul Kirschner, Robertson & Williams, Oklahoma City, Oklahoma, for Real Party in Interest, Bank of Cushing.

Andrew M. Coats, Charles B. Goodwin, Crowe & Dunlevy, Oklahoma City, for Real Party in Interest, Bank of Cushing.

COLBERT, V.C.J.

¶ 1 This matter raises a first impression question concerning whether proceedings in aid of execution, or judgment collection that are pursued within an action brought pursu-

ant to the Uniform Fraudulent Transfers Act (UFTA), Okla. Stat. tit. 24, §§ 112–123 (2011), must be preceded by registration of a foreign judgment in the county of the district court from which execution issues. This Court holds that registration of a foreign judgment is a jurisdictional prerequisite to execution and judgment collection remedies.

### Facts and Procedural History

¶ 2 In 1995, Henry Dean Vaughan, a medical doctor, and Elaine Vaughan, his wife, (Debtors) became unconditional guarantors of a commercial loan from the Bank of Cushing (Bank) in order to invest in a family business which ultimately failed. Debtors filed a bankruptcy petition in 1999. Bank brought a UFTA action in Oklahoma County in 2001 against certain relatives of Debtors and a family trust alleging a scheme of fraudulent transfers and a civil conspiracy to defraud Bank by hiding Debtors' assets.

¶ 3 In 2002, the United States Bankruptcy Court for the Western District of Oklahoma entered summary judgment against Debtors and denied a discharge of the debt to Bank based on Debtors' fraudulent concealment of assets. The bankruptcy court entered a judgment against Debtors in the amount of $364,024.75 and a separate judgment which included costs in the amount of $46,527.34 and attorney fees of $393,472.66.

¶ 4 Bank initiated various collection procedures against Debtors including garnishment and a hearing on assets in an attempt to satisfy the two judgments totaling over $800,000. The bankruptcy judgments were registered in Payne County, the location of Debtors' homestead, in July, 2002. Meanwhile, the UFTA action continued to proceed in Oklahoma County against Debtors' relatives.

¶ 5 In September, 2007, the trial court entered an order in the UFTA action which determined that Debtors' income from Dr. Vaughan's emergency room medical practice had been fraudulently diverted to a sham corporation for the purpose of avoiding the garnishment of that income. It ordered the corporation to turn over twenty-five per cent of the funds Debtors had received for medical services to Bank. However, it was not until November, 2007, that Bank's second amended petition in the UFTA action added Debtors and the corporation as defendants.

¶ 6 In December, 2009, a contempt trial against Debtors generated an order filed October 21, 2010. That order expressly withdrew and superseded the September, 2007, order. It found Dr. Vaughan guilty of contempt for his failure to obey the 2007 order and ordered him to sixty days imprisonment. However, the trial court gave the doctor the opportunity to purge his sentence through compliance with a "charging order" which attached to twenty five percent of Debtors' income. The charging order was to remain in effect until the bankruptcy judgments and any associated interest and attorney fees were paid in full.[1]

¶ 7 In April, 2011, Bank sought contempt to enforce the 2010 order. On August 18, 2011, Bank registered one of the bankruptcy judgments, the one for costs and attorney fees, in Oklahoma County. On March 15, 2012, the present trial judge entered an order on Bank's motion to enforce the 2010 contempt order. The trial court found open and wilful violations of the withdrawn 2007 order as well as the 2010 order, including diversion of medical income.

¶ 8 The trial court acknowledged that Bank had failed to comply with the statutory requirements of registration of foreign judgments in the county of the court which issues execution, but it determined that those requirements did not apply in a UFTA action. Debtors brought this original proceeding asserting the trial court's lack of jurisdiction to impose the relief granted to Bank. This Court assumes original jurisdiction to address an important issue of first impression concerning the requirements of registration of foreign judgments in a UFTA action.

### Standard of Review

■ ¶ 9 A decision concerning which statutes apply to a given set of facts is one of law. *Glass Law Firm P.C. v. Cornejo*, 2011 OK CIV APP 75, ¶ 5, 259 P.3d 883, 885.

---

1. The October 21, 2010 order is currently on appeal in case no. 108,947.

Questions of law are reviewed de novo. *Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084.

## Analysis

¶ 10 At issue in this matter is the jurisdiction of the trial court to enforce orders in aid of execution of a foreign judgment or judgment collection remedies before a creditor has registered the foreign judgment in the county of the court from which execution issues. Several statutory provisions are implicated.

■ ¶ 11 The UFTA has been adopted in forty two states. Okla. Stat. Ann. tit. 24, ch. 7 (West 2012). "The purpose of the Act is to allow a creditor the opportunity to invalidate the transfer of assets made by a debtor if the transfer has the effect of placing assets out of reach of present and future creditors." *Burrows v. Burrows*, 1994 OK 129, ¶ 9, 886 P.2d 984, 988. Bank brought a UFTA action in Oklahoma County against relatives of Debtors while Debtors' bankruptcy proceeding was pending and the automatic stay was in effect. After the bankruptcy court denied a discharge of the debt and entered two judgments for Bank, Debtors and associated entities were added to the UFTA action. The November, 2007, amended petition provided the trial court jurisdiction over the parties to the UFTA action but it did not provide the trial court with the authority to issue execution on the bankruptcy judgments or otherwise initiate collection remedies including contempt for nonpayment of the judgments.[2] That authority is derived from other statutory provisions.[3]

■ ¶ 12 The Uniform Enforcement of Foreign Judgments Act, Okla. Stat. tit. 12, §§ 719–726 (2011), has been adopted in forty six states. "In this act 'foreign judgment' means any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state." *Id.* at § 720. The Act provides:

A copy of any foreign judgment authenticated in accordance with the applicable Act of Congress or of the statutes of this state may be filed in the office of the court clerk of any county of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the district court of any county of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a district court of this state and may be enforced or satisfied in like manner. Provided, however, that no such filed foreign judgment shall be a lien on real estate of the judgment debtor until the judgment creditor complies with the requirements of subsection B of Section 706 of this title.

Okla. Stat. tit. 12, § 721 (2011). "Under this provision the mere act of filing, in substance, transfers the properly authenticated foreign judgment into an Oklahoma judgment." *Producers Grain Corp. v. Carroll*, 1976 OK CIV APP 3, ¶ 8, 546 P.2d 285. The judgment may be enforced against the judgment debtor "in the same manner as any intra-state judgment." *Id.* Therefore, the two bankruptcy judgments were domesticated in Oklahoma upon their filing in Payne County in July, 2002. However, that is not where the analysis ends.

■ ¶ 13 Section 706 of title 12 "applies to all judgments of courts of record of this state, and judgments of courts of the United States ... which award the payment of money, regardless of whether such judgments also include other orders or relief." Okla. Stat. tit. 12, § 706(A) (2011). That provision specifically requires that "[e]xecution shall be

---

2. The elements of jurisdiction are: (1) jurisdiction over the parties; (2) jurisdiction over the subject matter; and (3) jurisdiction to render the particular judgment sought. *Heiman v. Atlantic Richfield Co.*, 1991 OK 22, ¶ 6 n. 11, 807 P.2d 257, 259.

3. The UFTA specifically provides: "Unless displaced by the provisions of the Uniform Fraudulent Transfer Act, the principles of law and equity ... supplement the provisions of the [UFTA]." Okla. Stat. tit. 24, § 122 (2011).

issued only from the court which granted the judgment being enforced." *Id.* at § 706(D). Thus, while domestication of a foreign judgment may be obtained by its filing in any county, execution of that foreign judgment requires that it be filed in the county of the court that enforces the judgment.[4]

¶ 14 In this matter, the current trial judge in March, 2012, attempted to enforce orders made by another trial judge in the case entered in 2007 and 2010. The 2007 order was entered before Debtors were made parties to the UFTA action and thus was void as to any action against them. Presumably for that reason, the 2010 order withdrew and superseded the 2007 order. However, the 2010 order attempted to enforce payment of the bankruptcy judgments through contempt proceedings. Dr. Vaughan was sentenced to sixty days in jail but he was given the opportunity to purge his sentence by compliance with a "charging order" that directed the computation and payment of twenty five per cent of Debtors' gross income to satisfy the bankruptcy judgments. It was not until 2011 that one of the judgments was filed in Oklahoma County.

¶ 15 The March 15, 2012 order that generated this original proceeding was entered in response to Bank's request for enforcement of the 2010 order. The present trial judge noted in the 2012 order that the 2010 order was "based on a judgment that was not filed in this forum until August, 2011. Thus, the said judgments could not be enforced before the August, 2011 filing in Oklahoma County." However, the trial court reasoned that, because the attempts to enforce the bankruptcy judgments were made within a UFTA action, filing of the judgments in Oklahoma County was not a prerequisite to the court's jurisdiction. The trial court assessed damages and attorney fees for violation of the 2010 order and directed compliance with its provisions concerning payment of the debt. The court

expressly retained jurisdiction to enforce the 2007 and 2010 orders.

¶ 16 The trial court's analysis of its legal authority is flawed. A court may enforce a foreign judgment as if it had rendered it but only after the statutory registration requirements have been satisfied. This is true whether the attempt at enforcement of the foreign judgment is in the nature of execution or contempt. Until such time, the trial court lacks the authority to act. The fact that this matter was brought pursuant to the UFTA does not change the registration requirements. The foreign judgment must be filed in the county of the court from which remedies in the nature of execution will issue before that court can acquire jurisdiction.

¶ 17 The belated registration of the foreign judgment in 2011 did not authorize the trial court to retroactively enforce orders which were void for lack of jurisdiction. The 2007 order was expressly withdrawn and superseded by the 2010 order. However, the portions of the 2010 order that attempt to enforce the bankruptcy judgments that had not yet been filed in Oklahoma County were void for lack of jurisdiction. When a judgment was registered in Oklahoma County in 2011, the trial court did not retroactively acquire jurisdiction to enforce the provisions of the 2007 and 2010 orders that granted remedies in the nature of execution, including contempt, and threatened incarceration for failure to pay the judgments.

¶ 18 The 2011 judgment registration did not make the void portions of the prior orders any less so. "A trial court may not take judicial notice of findings of fact and conclusions of law encompassed within a void judgment." *Valley Vista Dev. Corp., Inc. v. City of Broken Arrow,* 1988 OK 140, ¶ 2, 766 P.2d 344, 346. New findings of fact and conclusions of law regarding any attempt to enforce the bankruptcy judgments are required.

4. Similarly, registration of a foreign judgment does not create a lien on real property of a judgment debtor until a statement of judgment has been filed in the office of the county clerk in that county. Okla. Stat. tit. 12, § 706(B) (2011).

*See also,* Okla. Stat. tit. 12, § 721 (2011) ("no such filed foreign judgment shall be a lien on real estate of the judgment debtor until the judgment creditor complies with the requirements of subsection B of Section 706 of this title").

ORIGINAL JURISDICTION ASSUMED; EXTRAORDINARY RELIEF GRANTED.

CONCUR: TAYLOR, C.J.; COLBERT, V.C.J.; WATT, WINCHESTER, EDMONDSON, REIF, COMBS, GURICH, JJ.

NOT PARTICIPATING: KAUGER, J.